## JOSIAH W. HARTLEY *v.* BENJAMIN TATHAM.

The assignee of a mortgage takes subject to all the equities of the debtor as against the assignor; and any demand which the debtor might apply or set off as against the assignor, may be so applied or set off as against the assignee.

A tender of what is due upon a mortgage — and if proceedings have been commenced to foreclose the mortgage — of the costs accrued up to the time of making the tender, extinguishes the lien of the mortgage.

ACTION to foreclose a mortgage, brought in the Superior Court of the city of New York.

Michael Cunningham, one of the defendants, in May, 1861, executed and delivered his bond and mortgage, for the payment of the sum of fifteen hundred dollars, to Samuel W. Dunscomb, or his assigns. Dunscomb on the 13th day of May, 1862, assigned and transferred the bond and mortgage to the plaintiff, who on the 16th day. of June, 1862, commenced this action to foreclose the mortgage. In 1861, one Alfred A. Arment, by the consent of Dunscomb, and also by an agreement with him, became entitled to a conveyance of the mortgaged premises when certain plumbing work should be completed. In the fall of 1861, and while Dunscomb was the owner of the mortgage in question, he agreed with Arment, that he should do certain plumbing in Beekman Hill Chapel, to be paid therefor by being deducted from said mortgage. The plumbing work was done, and amounted to $490.03. Arment caused the premises to be conveyed to Tatham, and assigned his claim against Dunscomb, etc., to Tatham. This was on the 3d day of May, 1862, and ten days before Dunscomb conveyed the bond and mortgage to plaintiff. On the 9th day of July, 1862, the said Tatham tendered to the plaintiff the sum of one thousand two hundred and seven dollars and fifty-four cents, the whole amount due thereon, including costs in the action then pending — after deducting the said $490.03, for the work done under the agreement between Dunscomb and Arment. The plaintiff refused to accept the tender in discharge of the

bond and mortgage. The court found, as a conclusion of law, that the $490.03 was a valid payment upon the mortgage according to the agreement of Dunscomb and Arment, and consequently, that the tender made by Tatham as above was sufficient, and extinguished the lien of the mortgage—and judgment was rendered accordingly. An appeal was taken to the General Term where the judgment of the Special Term was affirmed, and an appeal therefrom is taken to this court.

DENIO, Ch. J. I assent to the conclusion of the Supreme Court that the $490.03 ought to be allowed as a payment on account of the interest due, and so much of the principal as it would extinguish. It follows from this conclusion, that there was no interest in arrear when the action was commenced, and hence also, that the plaintiff had no right to elect to consider the whole principal immediately payable. The complaint does indeed set forth such an election, but it was based upon the actual denial of the payment, and upon the allegation that a year's interest was in arrears. The plaintiff's case was that the whole principal and interest had become payable in consequence of the default in the payment of interest. When it was determined that there was no interest in arrear, the case made by the complaint was disproved, and there was then no foundation for the claim of the whole under the special clause in the bond and mortgage. I think, therefore, the defendant had no right to tender the whole principal without admitting a default in the payment of interest. It was an offer which the plaintiff was at liberty to reject or to accept. He rejected it, as he had a right to do. As the debtor was not bound by the election of the creditor, because the fact which authorized that election had not arisen, so the plaintiff ought not to be bound by it, because he has failed to establish the existence of the fact which alone gave him the right to make any election, and upon which alone he claimed that right. It is not like the case where one who is entitled to an advantage proposes to waive it, and the other party acts upon the waiver — there the person mak-

ing the offer ought to be bound by it. The plaintiff here claimed the whole $1,500 of principal and the entire interest or that sum, from the date of the mortgage, grounding that claim upon the alleged default in paying interest. If the defendant had acceded to this view, and had paid or tendered the whole principal and interest, the plaintiff might have been obliged to take it, and his refusal of a full tender would probably have extinguished the lien. But the defendant did no such thing. He denied that there was any interest in arrear, and, virtually claimed that no occasion had arisen enabling the plaintiff to accelerate the payment of principal at his option; but he at the same time wished to hold the plaintiff to his offer, so far as it embraced the idea that the whole principal was payable, and accordingly tenders the balance, and it being refused, he claims that he is discharged from any obligation to pay anything. This is a very different thing from accepting an offer in the terms or spirit in which it is made.

It is not probable that the plaintiff refused the tender on the ground that he would prefer to keep his money upon interest until the expiration of the original time of credit; no doubt he refused it because he believed the alleged payment was a matter by which he was not bound, and because the whole principal and interest were not tendered. But that is no consequence. It is very plain that the defendant had no right to tender an amount of principal which had not become payable, and the plaintiff was under no obligation to give any reason for refusing it. It is hard enough for a mortgage creditor to lose his debt because he has been mistaken as to the effect of a payment of a small part of the amount, and has refused a tender of what the debtor claimed, and has been enabled to establish, was the full sum due. He should not, in my opinion, incur this forfeiture in a case in which the debt tendered had not fallen due. The plaintiff is sufficiently punished for his mistake, or the mistake of his legal advisers, when he is turned out of court with costs, for insisting upon a case which he could not sustain. The court had no right to go further and pronounce a forfeiture

of the debt confessedly owing, and which would not become payable in nearly a year from the time of the tender. Hence, I am in favor of modifying the judgment appealed from by striking out all that portion thereof which follows the award of costs against the plaintiff, and of inserting in the place thereof, as follows: "But it is further adjudged that the tender, mentioned in the answer and in the proof, did not have the effect to extinguish the lien of the said mortgage as to the refusal of the moneys secured thereby, over and above the sum of $490.03, found by the Supreme Court to have been paid thereon, and that the said bond and mortgage remains in full force as to the paid residue of the said mortgage debt."

If this modification is agreed to by the judges, there ought to be no costs against either party in this appeal.

JOHNSON, J. Upon the facts established by the findings, this appears to be a very plain case. The plaintiff became the owner of the bond and mortgage in question on the 13th of May 1862, by assignment from the mortgagee. As assignee he took subject to all equities existing at the time of the assignment, in favor of the debtor against his assignor. Any demand which the debtor might then have applied or set off against the assignor, he may have applied or set off against the assignee. This principal is so well settled that it would be a waste of time and labor to cite authorities in its support. At the date of the assignment, the defendant Tatham, was, in equity if not in law, in respect to this bond and mortgage, the principal debtor, he having on the 26th day of January previous taken a conveyance of the mortgaged premises, subject to the same mortgage. This conveyance was made to the defendant Tatham, at the instance and for the benefit of Alfred A. Arment who was the equitable though not the legal owner of the premises, and who had as such become liable to pay said bond and mortgage. The fall previous to this, Arment made an agreement with the plaintiff's assignor to do certain work for the latter in the Beekman Hill Chapel, which was then being built on the grounds of such assignor,

29

and that the amount of such work and labor should be applied in payment upon, and deducted from the amount of said bond and mortgage. This labor had been performed and the amount and value, $490.03, agreed upon between Arment and the assignor, and the account with right of application assigned to the defendant Tatham, before the assignment to the plaintiff of the bond and mortgage. This account Arment had agreed to assign to Tatham at the time the conveyance was made to the latter, and the assignment was actually made on the 3d of May 1862, ten days before the assignment of the bond and mortgage to the plaintiff. It will be seen therefore, that before the bond and mortgage had been assigned to the plaintiff, the right of the defendant Tatham to have this amount of $490.03 applied in payment and satisfaction of the mortgage debt had become fixed and vested. The payment had been made in labor performed upon an agreement that it should apply in that way, and nothing remained to be done to complete it, except perhaps to indorse the amount and receipt it as a payment. As the amount has actually been paid in services rendered, equity will regard it as actually applied according to the agreement. It will hold it to have been a payment *pro tanto* in fulfillment of the agreement and the intention. I am of the opinion also that the moment the work was completed under the agreement and the amount ascertained and agreed upon, the law would make the application as a payment and satisfaction *pro tanto*. (*Davis* v. *Spencer*, 24 N. Y., 386, 391.) This amount of $490.03 was not a latent equity in the hands of a third person, either at the time of the assignment to the plaintiff, or at any other time, and no such question arises in the case.

In any view of the case it is entirely clear that the plaintiff could only enforce the bond and mortgage for the amount due over and above this $490.03 as against the defendant, Tatham, who insisted upon its application as a payment. Consequently it was only necessary for him to tender the balance over and above this sum, with the costs which had then accrued. The plaintiff had elected to consider the whole debt due, as he had the right to do, upon the mere

payment of interest for the period specified. The tender or offer of payment of the whole amount remaining due, and for which the mortgage could be enforced, discharged the lien of the mortgage and operated to defeat the action to foreclose. (*Kortright* v. *Cady*, 21 N. Y., 343.)

It is strenuously contended by the appellant's counsel that the defendant, Tatham, is estopped by his deed from insisting upon the application of this amount for the work and labor to the mortgage debt. It is argued that having taken his deed subject to the mortgage he can set up nothing against it, but must pay the full amount for which it was given. But no case has been cited, and I think none can be found making any such application of the principle of estoppel by deed. By taking the conveyance of the premises subject to a mortgage the grantee is precluded from setting up the defense of usury against the mortgage (*Sands* v. *Church*, 6 N. Y., 347; *Shufelt* v. *Shufelt*, 9 Paige, 137); and such a grantee would, I suppose be estopped from denying the fact of the existence of such a mortgage as against the grantor and his assignees and representatives. (*Torrey* v. *Bank of Orleans*, 9 Paige, 649; *Denn* v. *Cornell*, 3 Johns. Cases, 174.) But no such question arises here. The existence of the mortgage is conceded, and its validity, to the extent of the amount justly due upon it. And there is nothing, either in the terms of the grant or in the principles of equity, to estop the grantee from showing what amount has been paid and what amount still remains due. Certainly he was not estopped as against Dunscomb, and should not be as against his assignee, whose duty it was to ascertain before taking the mortgage what claims there were existing against it. He was bound to inquire, and the law will hold him to the knowledge he should have acquired.

The judgment is right and should be affirmed.

All concur except WRIGHT, J.

Judgment affirmed.