WILLIAM TIFFANY, Respondent, v. JOSIAH ST. JOHN, Appellant.

(GENERAL TERM, FOURTH DEPARTMENT, JUNE, 1871.)

Where on sale by execution from the Marine Court of New York city the judgment debtor tendered the amount of the judgment and sufficient to cover sheriff's fees, but the sheriff claiming the tender to be insufficient concluded the sale,—*Held*, that the tender was *prima facie* sufficient and that the plaintiff in the execution, who was present bidding at the sale, and did not prohibit it, was liable for conversion of the property sold.

It seems a tender of the amount of any debt discharges a lien given as security for it.

THIS was an appeal by the defendant from a judgment for the plaintiff, entered in favor of the latter upon the verdict of a jury.

The plaintiff sued to recover for the conversion of a canal boat, and the defendant sought to justify under a judgment and execution out of the Marine Court of New York city.

It appeared that the sheriff of New York had seized a canal boat belonging to the plaintiff under an attachment from the Marine Court in favor of the defendant, and afterward, upon execution in the action, proceeded to sell the boat; that the defendant was present at the sale and took part in the bidding; that before the sale had been made the plaintiff tendered to the sheriff, in the presence and hearing of the defendant, the sum of $120 on the execution, the execution being for sixty dollars damages, and eight dollars and forty-four cents costs; that the sheriff refused to receive the amount tendered, saying that it was not enough; went on with the sale, and transferred the possession of the boat to the purchaser.

*A. Perry*, for the appellant, contended that the tender being sufficient to cover the amount of the execution and all possible legal costs, discharged the lien thereof; that if any charges beyond legal fees were claimed by the sheriff which he had the right to collect, the sheriff and defendant should have notified the plaintiff thereof at the time of the tender, and that it devolved on the defendant on the trial to prove such claims for services if there were any. He cited *Kortwright* v. *Cady* (21 N. Y., 343) ; *Hartley* v. *Tatham* (1 Robertson, 246) ; 1 Keyes, 222.

He also insisted that the fees in such case being fixed by statute as compensation for seizing, taking care of, and selling the property, there could be no extra compensation charged, citing *Lord* v. *Richmond* (38 How. Pr. R., 173); that if the lien was not discharged by the tender, the right to sell was lost or suspended, and that the subsequent sale by the sheriff was an abuse of process for which

Tiffany *v.* St. John.

he, as well as the defendant, who was present, consenting, were liable, citing *Mason* v. *Sudam* (2 John. Ch., 172); *Tiernan* v. *Wilson* (6 id., 411); *Jackson* v. *Law* (5 Cow., 248); *Cantine* v. *Clark* (41 Barb., 629); *Waterbury* v. *Westervelt* (9 N. Y., 598); *Carpenter* v. *Stilwell* (1 Kern., 61); *Judson* v. *Cook* (11 Barb., 642); *Doyle* v. *Russell* (30 Barb., 300); *Crary* v. *Sprague* (12 Wend., 41); also that there is no power to tax sheriff's fees on execution from the Marine Court of New York given to any officer, citing Crocker on Sheriffs, § 1, 111; 2 R. S., 840, § 1, 4th ed.; Laws 1857, chap. 295, § 1; Laws 1862, chap. 484, § 4; Laws 1865, chap. 400, § 3; 2 R. S., 427, 4th ed.; *Huff* v. *Knapp* (5 N. Y., 69); Code, § 65, and 53, sub. 4; that if such power is given, it was the duty of the plaintiff to procure taxation before proceeding, after tender, to sell.

*C. T. Richardson,* for the respondent, cited Bacon's Abd., 9, 310; Bacon's Tender, 213; Cowen's Treatise, § 1178, 4th ed.; *Carley* v. *Vance* (17 Mass., 392); 2 Rol. Abr., 524; 5 Cow., 252; 9 Cow., 641; *Jackson* v. *Crafts* (18 John., 110); *Kortright* v. *Cady* (21 N. Y., 343). To show that the affirmative of the question as to sufficiency of tender was with plaintiff, *Boyden* v. *Moore, admin'x* (5 Mass., 368). He also cited Crocker on Sheriffs, § 1094, 2d ed., § 1144; 2 R. S., 652; §§ 1 and 2.

Present—MULLIN, P. J.; JOHNSON and TALCOTT, JJ.

MULLIN, P. J. A tender of money does not discharge a debt, but it does relieve the debtor from damages and costs. (*Wolcott* v. *Van Santvoord,* 17 J. R., 248, 253; *Trovinger* v. *McBurney,* 5 Cow., 253.)

And although the debt is not discharged, a lien given or obtained as security for it is discharged by a tender. (*Jackson* v. *Crafts,* 18 J. R., 110; *Kortright* v. *Cady,* 21 N. Y., 343; *Hartley* v. *Tatham,* 1 Robt., 240; *Cady* v. *Kortright,* 1 Keyes, 222.)

It was held in *Crozer* v. *Pilling* (4 B. & C., 26), that the plaintiff in a case, to whom the amount remaining due on a

judgment had been tendered, together with the sheriff's fees, was liable for maliciously refusing to direct the sheriff to discharge the defendant. It must follow, from the principle decided in this case, that a plaintiff in a *fi. fa.* would be liable. after tender of the damages, costs and sheriff's fees, for directing a sale of defendant's lands or goods.

But the very point was decided in *Mason* v. *Sudam* (2 J. C. R., 172). In that case the chancellor held a sale of defendant's real estate, after tender of the amount due thereon, was entirely in defendant's own wrong.

The amount tendered was *prima facie* sufficient; it was considerably more than the whole debt, interest and sheriff's fees. If the defendant or the sheriff was entitled to demand anything more, it was his duty to show what it was for and what was its amount. No such proof was given, and we must hold the tender sufficient.

The defendant was present when the tender was made. He was then apprised that the right to sell upon the execution was gone, and it was his duty to have instructed the sheriff to stop the sale and release the property. Had he done so, the liability for proceeding with the sale would have been thrown upon the sheriff, and the plaintiff would have been obliged to sue him instead of the defendant.

But instead of attempting to stop the sale and release the property, he remained during the sale and bid upon the property. I cannot doubt his liability under these circumstances.

The judgment must be affirmed.