LOUIS K. CHURCH, SOLE EXECUTOR, ETC., RESPONDENT, v. JAMES MALOY AND OTHERS, APPELLANTS.

*Mortgage — payment of bonus for extension — foreclosure, for non-payment of interest — right of mortgagor to have bonus applied on interest.*

In September, 1874, a mortgagor paid to the mortgagee $500 to procure an extention of the same for three years. The interest falling due November 1, 1875, remaining unpaid for twenty days, an action was brought, in pursuance of a condition therein, to foreclose the mortgage. The mortgagor insisted that the payment of $500 should be applied in payment of the interest falling due November 1, and the action dismissed. *Held,* that the referee rightly refused so to do, and that a judgment should be entered for the amount appearing to be due on the mortgage after deducting the $500, with interest thereon from the time of its payment.

APPEAL from a judgment in favor of the plaintiff entered upon the report of a referee.

The action was brought to foreclose a mortgage for non-payment of interest within twenty days after it became payable.

The defendant claimed that when the interest became due, plaintiff had received from him, and had then in his hands more than the amount of the interest.

The payment of the principal was extended by a covenant made September 1, 1874, until 1877, in consideration of which the defendant paid to said Church the sum of $500, and assigned to him a judgment for $123.46.

The interest was paid to May 1, 1875.

The defendant was allowed the credit of $500 and interest from September, 1874, as a payment on account of principal, and a judgment of foreclosure was entered for the balance from which this appeal was taken.

*Philip S. Crooke,* for the appellants.

*Samuel Garrison,* for the respondent.

BARNARD, P. J. :

There was no legal application of the $500 paid by defendant Maloy to plaintiff for the extension of time of payment of the mortgage. It was not designed by the parties to be a payment on the mortgage. No notice was given by either party applying it. It was simply a sum of money paid by a mortgage debtor to obtain lenity. The law will not permit the holder of the mortgage to keep it. He cannot in justice and equity retain it. The debtor may sue for the money or have it applied on the mortgage. The law does not, however, apply it unless he asks its application. By the non-payment of the half-yearly interest which became due November 1, 1875, and its continuance in arrears for more than twenty days thereafter, the whole principal and interest became due by the terms of the bond. No application of the $500 had then been made. The defendant, by his answer, asks to have it applied after suit brought on account of the interest due first. The referee allowed it on the principal and interest. This was the right disposition of it. (*Hartley* v. *Tatham,* 1 Keyes, 222.)

Judgment affirmed, with costs.

Present — BARNARD, P. J., PRATT and DYKMAN, JJ.

Judgment affirmed, with costs.