Edward B. Lord, as Administrator, etc., et al., Respondents, *v.* William Tiffany, Impleaded, etc., Appellant.

While, where a trespass has been committed by two or more, the party injured may have as many separate actions as there are wrong-doers, he can have but one satisfaction, and that will operate as to all. When he has received this, with costs in all the actions, his remedy is exhausted. Where one of two or more sureties, against whom judgment has been rendered, pays the judgment, he cannot, by his own act or in conjunction

with the creditors, keep the judgment alive in order to coerce payment of the whole judgment from his co-sureties, or in any other way qualify the effect of his payment to the prejudice of the other sureties.

Separate actions were brought against L. and St. J. for the same trespass. Plaintiff recovered judgment in each, both of which were appealed to the General Term and to the Court of Appeals, upon each of which appeals undertakings were given to stay proceedings on the judgment appealed from, and all of the judgments having been affirmed, separate actions were brought and recoveries had upon each of the undertakings. One of the sureties for St. J. paid nearly the full amount of the judgments against him, upon the plaintiff's agreement to release him, he agreeing that such payment should not affect plaintiff's right against all the other parties, and also assigning to plaintiff his claims against his principal and his co-surety, by reason of such payment. *Held,* that upon payment of a sum which, in addition to that paid by said surety, would satisfy the damages, and would pay the costs in all the actions, L. and his sureties were entitled to be released from the judgments against them, and that the co-surety with the one so paying was entitled to be released from one-half of the judgment against him.

Also *held,* that an action in equity was proper to obtain such relief.

(Argued February 12, 1885 ; decided March 3, 1885.)

APPEAL by defendant William Tiffany, from a judgment of the General Term of the Supreme Court, in the fourth judicial department, entered upon an order made October 19, 1883, which affirmed a judgment in favor of plaintiffs, entered upon a decision of the court on trial at Special Term.

This action was brought to ascertain the amount due and unpaid upon certain judgments specified in the opinion, and for a judgment decrceing that upon payment of such amount said judgments be satisfied, and to restrain the judgment creditor from making further collections.

The material facts are stated in the opinion.

*William Tiffany,* appellant in person. If the original judgment against Lord was for a conversion, yet it does not follow that the judgment against St. John for a new conversion by a subsequent act and its payment satisfies the judgment against Lord. ( *Wadham* v. *Gilson,* 1 Johns. 134 ; 1 Addison on Torts [Dudley & B. ed.], 457, 462.) On 29th of March, 1870, Tif-

fany could have maintained no action against St. John for the act of Lord in suing out the void attachment in his name on the 31st of January. (1 Cow. Treat. [2d ed.] 32; *Taylor* v. *Trask*, 7 Cow. 249; *Gold* v. *Bissell*, 1 Wend. 210; *Harring, ton* v. *Higham*, 13 Barb. 660; 15 id. 524; *Tiffany* v. *St. John-* 5 Hun, 153.) The action against Lord having been commenced on the 16th day of February, 1870, some forty days before the conversion of St. John, no recovery could, therefore, have been had against Lord in that action for any conversion after said 16th day of February. (*Cheetham* v. *Lewis*, 3 Johns. 42; *Storm* v. *Livingston*, 6 id. 44.) The tender made by Tiffany on the 29th of March, 1870, before the sale, discharged the lien of the attachment judgment and execution in the action of Lord and St. John against him, on which the sheriff then held the boat. (*Bowers* v. *Crafts*, 18 Johns. 110; *Edwards* v. *Farmers' Ins. Co.*, 21 Wend. 467; *Kortright* v. *Cady*, 21 N. Y. 343; *Mason* v. *Seedam*, 2 Johns. Ch. 172; *Tiffany* v. *St. John*, 4 Lans. 153.) The original judgment against Lord, and the original judgment against St. John, could not have been for the same conversion or for the same trespass. (*Townsend* v. *Hoppock*, 6 Duer, 502.) The burden is on the plaintiffs to show that they must have been for the same damages. (*Wood* v. *Jackson*, 8 Wend. 36; *Lawrence* v. *Hunt*, 10 id. 80; *Coutant* v. *Feeks*, 2 Edw. 330.) That Lord and St. John were partners was immaterial. (*Calkins* v. *Allerton*, 3 Barb. 171; *St. John* v. *St. John's Church*, 15 id. 346; *Kent* v. *H. R. R. R. Co.*, 22 id. 278; *Castle* v. *Noyes*, 14 N. Y. 329; *Bush* v. *Knox*, 2 Hun, 576.) The judgment against St. John being in trover for the value of this boat, the judgment transferred the title to the boat to St. John, and no other recovery could have been had for its value against any other party on the ground of a conversion. (*Brown* v. *Wootton*, 2 Crook, 73; Yelverton, 67; *Adams* v. *Broughton*, 2 Strange, 1078; *McElroy* v. *Mancius*, 13 Johns. 121; *Rawson* v. *Turner*, 4 id. 469; *Dash* v. *Van Kleeck*, 7 id. 477; *Littlefield* v. *Brown*, 1 Wend. 398.) If the recovery in the action against Lord was for any thing more than damages arising out of the first taking of the boat and his detention

(which does not appear from the proof), it should have been reduced to such damages by putting these matters in evidence, and making use of them in the court of law, and having failed to do so, he cannot now ask for relief in equity. (*Lansing* v. *Eddy*, 1 Johns. Ch. 49 ; *Barker* v. *Elkins*, id. 465 ; *Kelley* v. *Christel*, 81 N. Y. 619 ; *Duncan* v. *Lyon*, 3 Johns. Ch. 351 ; *Foster* v. *Wood*, 6 id. 87 ; *Smith* v. *Lowry*, 1 id. 320 ; *Worton* v. *Wood*, 22 Wend. 520 ; *Penny* v. *Martin*, 4 Johns. Ch. 566 ; *Graham* v. *Stagg*, 2 Paige, 321.) Being matter in mitigation arising after the action was commenced, it could have been given in evidence without being pleaded. (Addison on Torts, 457, 462 [Dudley & B. ed.] ; id., §§ 539, 541 [Wood's ed.].) But if not, Lord should have got leave to plead it. (*Graham* v. *Stagg*, 2 Paige, 321.) Whether liable for one or both judgments, the security which Smith's liability gave to the claim against St. John was of itself a valuable consideration. (*Kelch* v. *Barber*, 4 Hill, 224 ; 7 id. 444 ; *Moore* v. *Howland*, 4 Denio, 268 ; *Elwell* v. *Chamberlain*, 31 N. Y. 611.) There was no such thing as contribution in this case between Lord and St. John or their sureties. (*Peck* v. *Ells*, 2 Johns. Ch. 131 ; *Andrews* v. *Murray*, 33 Barb. 354 ; *Low* v. *Goodrich*, 2 Johns. 213 ; *Gage* v. *Babcock*, 48 N. Y. 154 ; Burge on Suretyship, 366.) The release of Smith only released his co-surety Gilmartin for one-half of this joint obligation. (*Morgan* v. *Smith*, 70 N. Y. 537.) Neither St. John nor Lord had any right to inquire into the arrangement between Tiffany and Smith. (*Ontario* v. *Hallett*, 8 Cow. 192.) If a wrong has been done to Smith, Lord and his sureties have nothing to do with it. (*Atlantic Dock Co.* v. *Mayor*, etc., 53 N. Y. 64 ; *Matthews* v. *Lawrence*, 1 Denio, 499 ; *Townsend* v. *Ely*, 6 Duer, 499 ; *Bank* v. *Curtis*, 37 Barb. 317.) Every surety should be allowed to make such terms with the person to whom he has made himself liable as he can, without being bound either to his principal or to any person jointly liable with his principal, to pay their debts, or to pay for their trespasses. (*Tom* v. *Goodrich*, 2 Johns. 213 ; Burge on Suretyship, 366.) St. John was not discharged. (*Eddy* v. *Traver*,

6 Paige, 521; *Matthews* v. *Aiken,* 1 N. Y. 595; *Goodyer* v. *Watson,* 14 Barb. 481; *Millard* v. *Cheesebrough,* 1 Johns. Ch. 409; *Hayes* v. *Word,* 4 id. 123; *N. Y. State Bk.* v. *Fletcher,* 5 Wend. 85; *Eddison* v. *Dillaye,* 17 N. Y. 158; *Lewis* v. *Palmer,* 28 id. 271; *Elsworth* v. *Lockwood,* 42 id. 89.) This equity on the part of Smith was property which he had the right to make contracts in relation to, and the right to sell or assign as he chose. (*Johan* v. *Johan,* 3 Paige, 614; *King* v. *Baldwin,* 2 Johns. Ch. 554; 10 Johns. 525; *Elwood* v. *Deifendorf,* 5 Barb. 398; Story's Eq. Jur., § 499; *Waddington* v. *Vredenberg,* 2 Johns. Cas. 227; *Alden* v. *Clark,* 11 How. Pr. 209.) The defendants had a right to contract between themselves in regard to the ownership of the judgment against St. John. (*Warfield* v. *Watkins,* 30 Barb. 395; *Tombeckbee Bank* v. *Stranton,* 7 Wend. 429.) The tender in this case was insufficient to maintain the action on the part of any of the plaintiffs. (*Wood* v. *Hitchcock,* 20 Wend. 47; *Brooklyn Bk.* v. *Degraw,* 23 id. 342; *Rosevelt* v. *Bull's Head Bank,* 45 Barb. 579; *Benkaird* v. *Babcock,* 2 Robt. 175.)

*George H. Forster* for respondents. The payment by Smith to Tiffany has the same effect as the payment of the same sum by St. John, the principal of Smith, would have had, inasmuch as on such payment by Smith, St. John became his debtor to the extent of the payment. (*Hunt* v. *Amidon,* 4 Hill, 345.) Smith's payment was such a payment as to discharge the principal to the extent of the payment. An action does not accrue to a surety for subrogation to securities held by another until the latter has been discharged from all liability. (*Tom* v. *Goodrich,* 2 Johns. 213; *Powell* v. *Smith,* 8 id. 249; *Howe* v. *B., N. Y. & Erie R. R. Co.,* 37 N. Y. 297; *Bennett* v. *Cook,* 45 id. 271.) While separate suits could be brought against Lord and St. John for the conversion of the "Stab Merry," and appellant could recover separately against each, yet he can have but one satisfaction, and he may elect *de melioribus damnis,* and issue his execution therefor against one of them, and the other would only be obliged to pay the

costs of the suit against him. (*Livingston* v. *Bishop*, 1 Johns.
290; *Thomas* v. *Rumsey*, 6 id. 26; *Osterhout* v. *Roberts*, 8
Cow. 44; *Marsh* v. *Berry*, 7 id. 348; *Austin* v. *Bemiss*, 8
Johns. 356; *Knickerbacker* v. *Colver*, 8 Cow. 111.)   An ac-
cord and satisfaction by one of several obligors or wrong-doers is
a satisfaction as to all, and a partial satisfaction by one of seve-
ral wrong-doers is a satisfaction *pro tanto* as to all. (*Merchants'*
*Bk.* v. *Curtiss*, 37 Barb. 317; *Strang* v. *Holmes*, 7 Cow. 224.)
The collection of the $4,077.90 from Smith was an election
*de melioribus damnis* by appellant to collect the verdict and
judgment against St. John. (*Collins* v. *Ellis*, 21 Wend. 402;
*Traders' Ins. Co.* v. *Roberts*, 9 id. 476; *Kasson* v. *People*, 44
Barb. 347.)   Lord and St. John, as partners, and their sureties
as such, are bound to contribute equally as between themselves
to the discharge of the common burden, and to the extent that
one has paid the whole debt for which they were jointly bound
he is entitled to a cession of the rights and remedies of the
creditor, not only as against the principal debtor, but also as
against his sureties. (*Cheesebrough* v. *Millard*, 1 Johns. Ch.
409; *Classon* v. *Morris*, 10 Johns. 524; *N. Y. State Bk.* v.
*Fletcher*, 5 Wend. 85; *Cuyler* v. *Ensworth*, 6 Paige, 33;
*Eddy* v. *Traver*, 6 id. 521; *Corey* v. *White*, 3 Barb. 12.)
There is no good objection to the plaintiff's tenders, and these
tenders and appellant's refusal were as effectual as the pay-
ment of the money to him and his receipt thereof. (*Kortright*
v. *Cady*, 21 N. Y. 343; *Benkard* v. *Babcock*, 27 How. 392;
*Roosevelt* v. *N. Y. & H. R. R. Co.*, 45 Barb. 554; *Simpson*
v. *French*, 25 How. 464; *Bd. of Supervisors* v. *Hennebang*, 41
Ill. 180; *Holmes* v. *Holmes*, 9 N. Y. 528; *Hutchings* v. *Mun-
ger*, 41 id. 155.)   The satisfaction of the verdict recovered
against St. John by the payment made by Smith, his surety,
vested the title to the property converted in Lord and St. John.
The property in the canal boat, then, is changed by relation
back to the time of the conversion. (*Cooper* v. *Shepherd*,
3 C. B. 272; *Morris* v. *Robinson*, 3 B. & C. 206; *Bruns-
maid* v. *Harrison*, L. R., 6 C. P. 564; *Curtis* v. *Groat*, 6

Johns. 168; *Thurst* v. *West*, 31 N. Y. 215; *Holmes* v. *Seeley*, 19 Wend. 507.)

Danforth, J. The defendant, Tiffany, commenced two actions, one against Hezekiah B. Lord, alleging in substance that on the 31st day of January, 1870, Lord, in behalf of himself and one Josiah St. John, set in motion in the Marine Court, attachment proceedings for the collection of a debt of $60, by virtue of which the canal boat "Stab Merry" and its tackle, etc., his property, were taken from him, the other against Josiah St. John, alleging similar proceedings in favor of himself and one Hezekiah B. Lord, for the collection of a debt of $60, with like consequences. It is not denied that there was but one debt, one canal boat with its tackle, one defendant, and it is found by the trial court upon evidence quite sufficient to warrant it, that Lord and St. John were at these times partners, and that the acts complained of in the two suits occurred while they were making efforts, as they supposed, in a legal manner, to collect that debt. Tiffany succeeded, however, in each suit, recovering in the first, damage, for conversion in taking the boat under the attachment, which with costs amounted to $2,465.28, and in the other, including costs $2,824.71, for conversion in selling the boat on execution, the property in the mean time not having been returned to Tiffany, nor the first conversion cured. The attachment and execution were proceedings in the same action, and the two conversions were part of the same transaction in which both St. John and Lord were engaged. Each judgment was appealed from, and affirmed by the General Term (5 Lans. 153), and the Commission of Appeals (65 N. Y. 310, 314), and in due course, Tiffany had judgment against Lord for costs of appeal to the General Term, July 11, 1872, for costs in Court of Appeals May 19, 1875, against St. John for costs in the General Term July 5, 1871, and in the Court of Appeals May 19, 1875. He also sued upon the undertakings given on these various appeals, and recovered judgment against Banks and Ellis, sureties, on Lord's appeal to the General Term November 29, 1875, for

$3,392.82, against Walsh and Ellis, sureties, on his appeal to the Court of Appeals January 31, 1876, for $3,610.90, against Gilmartin and Smith, sureties, on St. John's appeal to the General Term November 29, 1875, for $4,118.17, and against the same, on his appeal to the Court of Appeals December 31, 1875, for $4,167.18.

In March, 1876 (as the trial court found), Smith, one of the above-named sureties, paid Tiffany on the judgments against him, the sum of $4,077.90, at the same time agreeing that this payment should not affect the right of Tiffany to collect all his judgments against the other parties. Tiffany also agreed to, and did release Smith separately from the judgments against him, and Smith agreed to and did assign to Tiffany all his rights or claim against St. John or Gilmartin by reason of such payment. The trial court fixed the amount which, with that paid by Smith, would satisfy the damages in one and the costs in all the actions, and directed judgment that upon payment of that amount, the judgments against Lord and the sureties upon the undertakings given by him be discharged, that Tiffany be enjoined and restrained from collecting any more thereon, and that Gilmartin as surety with Smith have judgment releasing him from one-half of the judgment and restraining the collection of more than one-half from him. Judgment was entered accordingly.

The effect of this payment is the important question in dispute. We concur, however, with the court below in the opinion that the appellant's contention in regard to it is altogether wrong. A variety of cases have been cited by him, but they are all within the rule which requires each surety to contribute to the debt, whether they are bound by separate instruments or not, and whether the number is more or less, for the maxim that equality is equity furnishes the principle which operates in either case. The creditor, therefore, who can call upon all is not at liberty to fix one with payment of the whole debt. This is precisely what the appellant seeks to do in this case. One surety has paid an amount nearly equal to the whole judgment against him and his co-surety, and enough with the

sum tendered to make the appellant good against all loss or damage, and costs, by reason of the acts of St. John and Lord, the principals, and the appellant has received the money. He says, however, that the person paying it, paid it not under coercion and in obedience to the judgment, but to buy his peace and be relieved from further litigation. The agreement between Tiffany and Smith will permit that conclusion. Yet Smith would not have paid it, nor could he have been subjected to litigation if he had not assumed the character of surety. When he did that, he became subject to liability and restraints in his conduct toward his co-surety, not merely by contract, but through that general equity to which we have referred as enjoining equality of burden and benefit.

It is a well-settled rule that a surety is entitled to the benefit of any security taken by the creditor, and it applies also to money received by him from a person who would not have paid it, or who could not have been compelled to pay it if he had not sustained that relation. Here the contract between Tiffany and Smith recites the existence of that relation, describes the judgments already referred to, and states as the ground of contention between the parties, a difference of opinion as to the amount which Tiffany is entitled to recover — whether the larger judgment or both judgments. The subject of the transaction was the liability of Smith as surety, and because he was surety he paid the money. It was not in his power to restrain the application which the law made with, or without, his assent. As to it he had no option, and over it he could have no control. But again, by the same instrument, Smith assigned to Tiffany all claims against St. John (his principal) and Gilmartin (his co-surety) which he might have by reason of that payment. He could have none, except it applied for their benefit. As surety Smith was bound to pay. The amoun. paid was not in excess of his undertaking, and neither directly. nor indirectly, by his own act or in conjunction with the creditor, could he keep the judgment alive in order to coerce payment from his co-surety, or in any other way qualify the effect of his payment to the prejudice of the other surety. It

is true the actions against Lord and St. John were for tres-passes, but that cannot alter the application of these rules. There was, in fact, a single transaction, but two actors. Each was liable. Tiffany had the option to sue both in one action, or each separately. He chose to have as many actions as there were wrong-doers, but he could not multiply his dam-ages. Although he had a verdict and judgment in each action, he can have but one satisfaction, and that will be operative as to both. (*Livingston* v. *Bishop*, 1 Johns. 289 ; *Creed* v. *Hartmann*, 29 N. Y. 591.) He may have, however, the costs in all the actions. But when these full sums are paid, neither the principal debtor nor the sureties should be further vexed.

It is argued that the court below took no account of the sum of $99.66 costs, it is said, of dismissal of one appeal. It does not appear that the attention of the trial court was called to it in any way, and if there be an error in that respect, the means are not before us for its correction. A case was made for equitable relief. The plaintiff in these various judgments insisted upon payment according to their terms, refusing even to apply upon them the money received from Smith. The parties interested were numerous, their rights not the same, and while it is possible the questions might have been disposed of upon motion, it was at least discretionary with the Supreme Court to entertain the action, and their determination is not the subject of review. But we think a court of equity cannot greatly err in putting an end to unnecessary suits, even against trespassers or their sureties, when its interference is invoked with an offer of full satisfaction, and the circumstances are such that the remedy at law is either inadequate or doubtful; more especially is this so when, as condition of relief, it requires payment to the other party of all damages sustained by him, with costs and increase, thus ending litigation, and at the same time exacting justice. Such, as we understand the record, is the case here.

We find no question which was left unexamined by the learned judges at Special or General Terms, nor any point

made by the appellant, which makes it necessary to add more to the opinions on which their decision stands.

We think the appeal wholly fails, and that the judgment of the court below should be affirmed.

All concur.

Judgment affirmed.