(55 App. Div. 281.)

GARRETT v. WOOD.

(Supreme Court, Appellate Division, Third Department. November 16, 1900.)

1. NUISANCE—ACTIONS—DAMAGES—ERROR.
Plaintiff sued to recover damages for a nuisance, and, after judgment rendered in her favor, brought other actions for the same nuisance, whereupon the parties made a settlement whereby the judgment was satisfied, and orders of discontinuance were entered as to the other suits. Subsequently another action for the same nuisance was brought, and damages were awarded from the time of the commencement of the first action. *Held*, that such award was erroneous, though defendant had agreed, as part of the settlement, to discontinue the nuisance, since the damage accrued up to the time of commencement of the second suits was embraced in the settlement.

2. APPEAL—DAMAGES—ERROR—REVERSAL.
Where damages are erroneously awarded in an action to recover for a nuisance, but all the elements appear from which the amount which should be deducted from the recovery can be determined, the judgment will not be reversed on appeal.

3. NUISANCE—MEASURE OF DAMAGES.
An allowance for loss of rent in an action brought to recover for a nuisance to adjoining premises is erroneous, the true measure of damages being the depreciation in rental value by reason of the nuisance.
Merwin, J., dissenting.

Appeal from trial term, Albany county.

Action by Lena Garrett against Bradford R. Wood. From a judgment in favor of the plaintiff, defendant appeals. Modified.

The action was brought to recover damages by reason of the maintenance of a nuisance on the defendant's premises adjoining those of the plaintiff in the city of Albany. On about June 22, 1895, the plaintiff commenced an action against the defendant for damages resulting from the creation and maintenance of the nuisance complained of in this action, and on June 11, 1897, recovered a judgment therein. On June 15, 1897, the plaintiff commenced two other actions to recover damages for the maintenance of the same nuisance; the one against the defendant and the other against the defendant and others. On April 20, 1898, the judgment obtained on June 11, 1897, by the plaintiff against the defendant, and the other two actions brought by the plaintiff on June 15, 1897, were settled. The judgment was satisfied. A stipulation in each of the last two actions was signed by the attorneys, stating that the action had been settled, and consenting to its discontinuance, and on the following day an order of discontinuance in each of said actions was entered. On or about October 16, 1899, this action was brought to recover damages in consequence of the maintenance by the defendant of the same nuisance. The referee found that the plaintiff had expended for repairs incurred during the years 1896, 1897, 1898, and 1899, by reason of the nuisance, $120; that she has "suffered a loss of $123 on account of a loss of rent of her said premises from the 22d day of June, 1895," the time of the commencement of the first action, "to the 16th day of October, 1899," the time of the commencement of this action; and also that during the same period she "has suffered a loss of $344.25 by reason of the depreciation of the rental value of her said premises." For these three items, amounting to $587.25, he found that the plaintiff is entitled to judgment against the defendant.

Argued before PARKER, P. J., and KELLOGG, EDWARDS, MERWIN, and SMITH, JJ.

Thompson & Andrews (Arthur L. Andrews, of counsel), for appellant.

Barnwell Rhett Heyward, for respondent.

EDWARDS, J. The judgment is well supported by the evidence, except as to the amount of damages. The learned referee erred in awarding damages to the plaintiff from the 22d day of June, 1895, the time of the commencement of the first action, instead of from June 15, 1897, the time of the commencement of the next two actions, which were settled in April, 1898. These two actions were for damages by reason of the maintenance of the same nuisance for which the first was brought, and it appears by the testimony of the plaintiff's attorney that there was a settlement of these two suits and of the judgment in the first action, and the amount agreed upon was paid to him for the plaintiff. The judgment was satisfied, and, on stipulations stating that the two actions were settled, orders of discontinuance were entered. The damages recoverable in those two suits were such as had accrued at the time of the commencement of the actions (Uline v. Railroad Co., 101 N. Y. 98, 4 N. E. 536), and those must have been embraced in the settlement. It is true that the plaintiff's attorney testified that the settlement was made on the express understanding that the defendant would put his property in such a condition as to prevent further overflow on the plaintiff's premises; and, while this would not preclude the plaintiff from maintaining an action for damages thereafter arising, it would not permit her to recover for those within the settlement. She must be limited to such damages as have subsequently accrued. But this error does not necessitate a reversal of the judgment, as all the elements appear from which the amount which should be deducted from the recovery can be determined. The item of $120 allowed for repairs for 1896, 1897, 1898, and 1899 included $32.69 paid for repairs in 1896, and $35.12 paid for repairs caused by the overflow on May 5 or 6, 1897. These two items, amounting to $67.81, should be deducted. The referee also erroneously allowed as damages from June 22, 1895, to October 16, 1899, the item of $123 for "loss of rent," besides the $344.25 "depreciation of the rental value." The true measure of damages is the depreciation in rental value by reason of the nuisance. Jutte v. Hughes, 67 N. Y. 267. The $123 should be deducted from the amount of recovery. The $344.25 depreciation in rental value from June 22, 1895, to October 16, 1899, should be reduced by deducting the proportionate value from June 22, 1895, to June 15, 1897, the time of the commencement of the actions which were settled, which proportionate deduction is $162.

I find no other errors for which the judgment should be reversed or modified, and am of the opinion that there should be deducted therefrom the sums of $67.81, $123, and $162, amounting in the aggregate to the sum of $352.81, and, as thus reduced, should be affirmed, without costs of the appeal to either party. All concur, except MERWIN, J., who dissents.