(35 Misc. Rep. 397.)

GARRETT v. WOOD et al.

(Supreme Court, Special Term, Albany County. July, 1901.)

SURFACE WATERS—LIABILITY—MELTING SNOW AND ICE.

An owner of a lot lying on the side of a hill is not liable to the owner of a lot lower down on the hill because of surface water and melted ice and snow running down from the upper owner's lot onto that of the lower owner, providing such upper owner has not permitted an unnecessary and improper accumulation thereof on his lands.

Action by Lena Garrett against Bradford R. Wood and others for an injunction and for damages caused by an alleged nuisance. Complaint dismissed.

Defendants' land was situated on a side hill, and plaintiff's land below it on the hill. See 68 N. Y. Supp. 157, and 70 N. Y. Supp. 358.

B. R. Heyward (Albert C. Tennant, of counsel), for plaintiff.
James J. Farren, for defendants.

CHESTER, J. The defendants are not liable for any damages to the plaintiff's property which were included in the judgments in her favor in the several prior actions brought by her for the same cause, those judgments having been paid and satisfied. Garrett v. Wood, 55 App. Div. 281, 67 N. Y. Supp. 122. Nor for any damages recoverable in such prior actions. Uline v. Railroad Co., 101 N. Y. 98, 123, 4 N. E. 536. The settlement of the judgments in those actions serves as a satisfaction to all the defendants in this action for such damages. Lord v. Tiffany, 98 N. Y. 412, 50 Am. Rep. 689. The last of such actions prosecuted to judgment, which was settled, was commenced in the city court August 16, 1900. The evidence fails to convince me that since that date the plaintiff has sustained any damages for which the defendants are liable. It appears that soon after that the commissioner of public works of the city of Albany made certain changes in the alley leading to Colonie street, between the plaintiff's and the defendants' property, which caused the water from defendants' property to run out of the alley to Colonie street. That this furnishes substantial protection to the plaintiff's premises is clearly shown from the fact that the rainfall for the month of April of this year was more than double the normal rainfall, and was greater than in any other month for the past 24 years, and yet during that month no water was collected on the lands of the defendants or on the alley, or flowed from the defendants' to the plaintiff's land. There is some testimony tending to establish that in the spring of 1901 water, snow, and ice accumulated in a slight depression in the defendants' premises, and that the water overflowed upon the plaintiff's property, but there is no proof that this was caused by any change by the defendants of the natural surface of their premises; and I am satisfied that any water which has reached the plaintiff's premises from the defendants', which has been very slight during the period covered by this action, was surface water from rains and from melting snow and ice which followed the natural formation of the land, and which did not result from any improper accumulation of water, snow, and ice permitted by the defendants upon their premises. For this these defendants are not liable. Vanderwiele v. Taylor, 65 N. Y. 341; Barkley v. Wilcox, 86 N. Y. 140, 40 Am. Rep. 519. Whatever dampness has been shown to exist in the plaintiff's sheds at the rear of her lots adjacent to the alley is only such as is naturally incident to a location such as that is or was caused by the natural flow of the surface water, for which the defendants are in no wise liable, and which could have been wholly prevented by the exercise of slight care by the plaintiff in fulfilling the covenant in her deed requiring her to conform the grade of the alley in the

rear of the premises so as to throw the water coming from defendants' lots on the west of the alley to Colonie street. The complaint should be dismissed, with costs.

Complaint dismissed, with costs.