CHARLES H. DYETT, as Assignee, Respondent, *v.* SAMUEL
P. HYMAN et al., Appellants.

The execution of a bond to a sheriff indemnifying him against damages
resulting from an unlawful levy and sale of property made by him,
presumptively establishes the liability of the obligors as principals for
the original trespass committed by the sheriff.

Those thus connected with the original wrong are jointly and severally
liable with the sheriff, and it is no defense, in an action by the owner of
the property against one or more of the wrong-doers, to show that
others were not joined as defendants who are also liable.

The provisions of the Code of Civil Procedure (§§ 1421–1423), giving the
indemnitors the right to be substituted in such an action as defendants
in place of the sheriff, do not have the effect to limit the liability of
the indemnitors to the amount they would be liable, in an action by the
sheriff, upon their bond, and in no way affect or vary the rights of the
injured party; their liability to him rests wholly upon their participa-
tion in the original trespass.

Parties who are jointly and severally liable for an unlawful taking of
property cannot, by any arrangement between themselves, prejudice the
rights of the owner.

A cause of action against a wrong-doer is a right of property, and can be
taken from the owner only by process of law.

Where an action is brought against several alleged joint wrong-doers, the
plaintiff may at any time, by leave of the court, discontinue the action
as to one or more of the defendants.

In an action brought by an assignee for the benefit of creditors, to recover
damages for the unlawful taking and conversion of certain of the
assigned personal property, it appeared that the property was taken by
a sheriff by virtue of certain attachments against K., the assignor, among
them one issued in actions brought by defendants H. and M. Defend-
ants justified the taking on the ground that the assignment was fraudu-
lent and void. Plaintiff offered in evidence a judgment-roll in an action
brought by H. and M. against plaintiff and K. to set aside the assign-
ment on the ground of fraud, which was decided in favor of the defend-
ants therein; the court adjudging the assignment to be valid. This was
received, as against H. and M. alone, under objection and exception.
*Held*, no error; and that the judgment was conclusive as to the validity
of the assignment as against the plaintiffs in that action; that the fact
that it was necessary for them to show a judgment in their favor and
the return of an execution unsatisfied did not affect the character of the
action; nor did the fact that plaintiff, for the purpose of connecting said
defendants with the unlawful taking, introduced in evidence a bond
of indemnity executed by them to the sheriff; that in both actions they

represented only individual interests; also, the fact that the judgment-roll was inadmissible as against the other defendants did not affect its competency as against H. and M.

The action was, by leave of the court, discontinued upon payment of costs as against all of the defendants except H. and M. *Held,* that if the other defendants could have been prejudiced by the admission of the roll, they could not, after the discontinuance, avail themselves of the objection.

*It seems* the rule that where, in an action for an unlawful taking of goods, it appears that the original taking was wrongful, defendant is entitled to prove, in mitigation of damages, that the property was afterwards seized upon valid process against the owner, only applies where the general property in the goods was in the debtor and the application of the proceeds was made for his benefit; it does not apply in an action brought by his assignee, to whom he had transferred the property prior to the original taking.

(Argued December 1, 1891; decided December 22, 1891.)

Appeal from judgment of the General Term of the Court of Common Pleas for the city and county of New York, entered upon an order made April 6, 1891, which affirmed a judgment in favor of defendant entered upon a verdict directed by the court.

This action was brought by plaintiff as assignee for the benefit of the creditors of Jacob Kapp, to recover the value of a stock of merchandise taken from plaintiff by the sheriff of the city and county of New York, under attachments issued in suits brought by the defendants Hyman, Morris and Stroock against plaintiff's assignor. The day after the goods were seized, the sheriff was indemnified, Hyman giving a bond executed by himself, as principal, and the defendants Morris and Stroock as sureties, and Stroock giving a bond which was executed by him as principal, and by the defendants Hyman and Morris as sureties.

Further facts are stated in the opinion.

*Alex. Blumensteil* for appellants. The various indemnitors are not severally or jointly liable for all the property taken under different processes issued against the same debtor. (Code Civ. Pro. §§ 1419, 1421, 1423, 1424; *Hays* v. *Davidson,* 98 N. Y. 23; *Hessberg* v. *Reiley,* 91 id. 380;

*Hein* v. *Davidson*, 67 How. Pr. 149 ; *Clark* v. *Woodruff*, 83 N. Y. 518 ; *Welsh* v. *Cochran*, 63 id. 181–185 ; *Chapman* v. *Douglass*, 15 Abb. [N. S.] 428 ; *Bowe* v. *Wilkins*, 105 N. Y. 322 ; *Posthoff* v. *Schreiber*, 47 Hun, 593.) The effect given to the record in the assignment case of *Hyman* v. *Kapp* was erroneous. (*Flagler* v. *Shoefel*, 40 Hun, 178–183 ; *Carter* v. *Bowe*, 41 id. 516 ; *Winston* v. *Starke*, 12 Gratt. 137 ; Freeman on Judgments, 159 ; *Raymond* v. *Richmond*, 78 N. Y. 351.) It being clearly established that this record adjudicated nothing as against Stroock or Ballin, its admission as against Levi Morris in this case was error. (*Rathbone* v. *Hooney*, 58 N. Y. 467 ; *R. P. Co* v. *O'Dougherty*, 81 id. 474, 489, 490 ; *Dawley* v. *Brown*, 79 id. 398, 400 ; *Douglass* v. *Ireland*, 73 id. 100.) For a judgment to work as a bar the estoppel must be mutual. (*Russell* v. *Kellogg*, 65 N. Y. 432 ; *Moore* v. *City of Albany*, 98 id. 396 ; *Raymond* v. *Richardson*, 78 id. 351 ; *Arnold* v. *Clark*, 9 Daly, 250 ; *Scott* v. *Drennen*, 9 id. 226 ; *Shipman* v. *Fairchild*, 15 Abb. [N. C.] 288 ; *Durand* v. *Abendroth*, 97 N. Y. 140.) The record of the judgment did not constitute an estoppel against Morris, even though he were only an indemnitor for Hyman. (*People* v. *White*, 28 Hun, 291 ; *B. Ins. Co.* v. *Wilson*, 34 N. Y. 272.) Indemnitors are not liable for all acts of the sheriff committed by virtue of process. (*Chapman* v. *Douglass*, 15 Abb. [N. C.] 428 ; *Bowe* v. *Wilkins* 105 N. Y. 322.) There was no cause of action shown. (*Clark* v. *Woodruff*, 83 N. Y. 518 ; *Griffith* v. *Hardenberg*, 41 id. 464 ; *Blossom* v. *Griffin*, 13 id. 564 ; Code Civ. Pro. §§ 1419, 1421 ; *Hays* v. *Davidson*, 98 N. Y. 23 ; *O'Donohue* v. *Simmons*, 31 Hun, 267.)

*B. F. Einstein* for respondent. The judgment in the Supreme Court adjudging the assignment valid was admissible against the appellants and estopped them from contesting the validity of the assignment in this action. (*Gardner* v. *Buckbee*, 3 Cow. 120 ; *Wright* v. *Deklyn*, 1 Pet. 202 ; *Doty* v. *Brown*, 4 N. Y. 71 ; *Nichol* v. *Levy*, 5 Wall. 433 ; *Stowell* v. *Chamberlain*, 60 N. Y. 272 ; *O'Brien* v. *Brown-*

*ing*, 11 Hun, 179 ; *People* v. *Sturtevant*, 9 N. Y. 263 ; *Lange* v. *Benedict*, 73 id. 12 ; *Fisher* v. *Hepburn*, 48 id. 41, 52 ; *Hunt* v. *Hunt*, 72 id. 228, 229, 230 ; *Bangs* v. *Duckenfield*, 18 id. 595, 596 ; *C. C. Bank* v. *Judson*, 8 id. 259 ; *Elliott* v. *Peteral*, 1 Pet. 328, 340 ; *Schaetler* v. *Gardner*, 47 N. Y. 404 ; *Cromwell* v. *Hall*, 97 N. Y. 211 ; *Howell* v. *Mills*, 56 id. 226 ; *Southard* v. *Benner*, 72 id. 424 ; *Fountain* v. *Pettee*, 38 id. 184 ; *Tierney* v. *Turnquist*, 38 id. 516 ; *Ward* v. *Kilpatrick*, 85 id. 413 ; *People* v. *Beach*, 87 id. 508 ; *Bergman* v. *Jones*, 94 id. 51 ; *Turner* v. *City of Newburgh*, 109 id. 301 ; *Wilson* v. *K. Co. E. R. R. Co.*, 114 id. 487 ; *Matthews* v. *Meyberg*, 63 id. 658.) But, assuming for the sake of the argument, that none of the defendants were bound by the Supreme Court judgment, the case does not show that the court erred in directing a verdict for the plaintiff. (*Cagger* v. *Lansing*, 64 N. Y. 417 ; *Davis* v. *T. A. R. R. Co.*, 9 J. & S. 31.) The appellants, Hyman and Morris, are liable for the whole value of the property levied upon by the sheriff under the Hyman attachment. (*Colton* v. *Jones*, 7 Robt. 175 ; *Lyon* v. *Yates*, 52 Barb. 237, 244 ; *Otis* v. *Jones*, 21 Wend. 394 ; *Hammer* v. *Wilsley*, 17 id. 91 ; *Reynolds* v. *Schuler*, 5 Cow. 323 ; *Wehle* v. *Butler*, 61 N. Y. 245, 247, 248, 249 ; *Hibbard* v. *Stewart*, 1 Hilt. 207 ; *Ball* v. *Loomis*, 29 N. Y. 412 ; *Davis* v. *Newkirk*, 5 Den. 92 ; *Posthoff* v. *Bauendahl*, 43 Hun, 570.)

RUGER, Ch. J. The plaintiff brought trover, as assignee in a general assignment by Kapp for the benefit of his creditors, against the defendants Hyman, Morris, Stroock and Ballin to recover damages for the taking and conversion of certain personal property. The defendants admitted the execution of the assignment, but justified the taking by a sheriff under certain attachments issued against the property of said Kapp, by a justice of the Supreme Court, and an averment *that the property taken belonged to said Kapp.* The allegations of the answer were probably insufficient to raise the question of fraud in the assignment, under the authorities ( *Weaver* v. *Barden*, 49 N. Y. 287) ; but, inasmuch as the parties proceeded to try that

issue without objection, we regard it as legitimately in the case.

The claim that the assignment was void for fraud and conferred no title upon the plaintiff, constituted the only affirmative defense stated in the answer. The execution of the assignment and the taking of the property by the sheriff were specifically alleged in the complaint and admitted by the answer.

Upon the trial, the plaintiff proved the execution and delivery of the assignment; the taking of the property from plaintiff's possession on September 1, 1884, by the sheriff on attachments in favor of the defendant Hyman and others, and its subsequent sale by him and the execution and delivery of a bond to the sheriff, dated September 2, 1884, signed by Hyman as principal, and Morris and Stroock as sureties, indemnifying him against all loss or damage in consequence of the levy, seizure and sale on Hyman's attachment of the property referred to in the complaint. The plaintiff also proved a judgment dated December 13, 1887, rendered in a creditor's action in the Supreme Court, brought by the defendants Hyman and Morris against Kapp and Dyett, the assignor and assignee, in favor of the defendants therein, wherein it was adjudged that the assignment of Kapp and Dyett was not made with intent to hinder, delay or defraud creditors, and was in all respects valid as against said Hyman and Morris, and all other creditors of said Kapp. This judgment operated as conclusive evidence of the validity of the assignment, and estopped the defendants from showing anything to the contrary in this action. It does not, therefore, admit of any doubt but that the plaintiff made out an unexceptional case to recover against the defendants Hyman and Morris. Their liability for the original trespass committed by the sheriff was presumptively established by their approval and satisfaction of his act, manifested by the execution of a bond of indemnity to him. The sale of the property was secured by this bond, and the defendants were thereby shown to have exercised a controlling authority over the action of the sheriff in procuring the con-

summation of the wrong complained of, and thereby made themselves liable as principals for the original unlawful taking. (*Herring* v. *Hoppock*, 15 N. Y. 411; *Ball* v. *Loomis*, 29 id. 412; *Ford* v. *Williams*, 13 id. 584.)

The defendants who thus participated in the original wrong, were jointly and severally liable with the sheriff for the damages occasioned by the trespass. The plaintiff could have elected to sue one or more of the defendants, and it did not operate as a defense to the action brought by him to show that there were other persons liable for the same trespass who were not joined as defendants in the action. (*Wehle* v. *Butler*, 61 N. Y. 245; *Rose* v. *Oliver*, 2 Johns. 365.)

It is urged by the appellants that no cause of action was made out against the defendants, for the reason, as is claimed, that they had the right, as indemnitors, to be substituted as defendants in the place of the sheriff (Code Civ. Pro. §§ 1421–1423), and they argue that in case such substitution had been permitted by the court, the indemnitors would have been liable for such damages only as they would have been subjected to in an action by the sheriff upon their bonds of indemnity, and that the same rule of liability should be applied to them in this action.

This claim is founded in a misapprehension of the meaning and effect of the provisions of the Code referred to, and of the extent of the liabilities incurred by joint wrong-doers. Parties who are jointly and severally liable to the owner for damages arising out of an unlawful taking of property, cannot by any arrangement between themselves prejudice the rights of an injured party in the prosecution of those who committed the trespasses upon his property. (*Hanmer* v. *Wilsey*, 17 Wend. 92; *Williams* v. *Sheldon*, 10 id. 654.) Such arrangements are *res inter alios*, to which the owner has never consented and by which he cannot be bound.

The sections of the Code referred to simply authorize the indemnitors to apply to the court for permission to defend an action in place of the sheriff, and do not, in any respect, vary the rights of the plaintiff in the prosecution of his action. If

the owner on the trial proves a good cause of action against the sheriff, the indemnitors, by virtue of such substitution, become liable in his place for the damages occasioned by his unlawful taking. If the act of permitting the substitution impaired in any material respect the right of the owner to recover in the action, it would furnish a conclusive reason why the substitution should not have been permitted.

The plaintiff's cause of action against a wrong-doer is a right of property, and can be taken from him only by due process of law.

If these provisions authorize the court to deprive him of a lawful remedy against one and compel him to prosecute others, against whom he has no cause of action, they are open to the objection that they authorize the taking of property in violation of the provisions of the Constitution. It is only upon the theory that by a substitution of parties the owner is afforded an equivalent remedy for the wrong done him, against other responsible parties, that the legislation in question can find any justification. (*Hayes* v. *Davidson*, 98 N. Y. 23.)

The theory presented by the appellants in this case, that the defendants are liable as indemnitors only, and are governed by the provisions of their bond, is wholly unfounded. The liability of the defendants rests wholly upon their participation in the original wrong and their liability for its consequences incurred by reason of their complicity in the trespass. This, it is true, is evidenced by the bond of indemnity, which authorized the sheriff to consummate the original wrong by an unlawful sale and conversion of the plaintiff's property, but in no sense is the action upon the bond. We are, therefore, of the opinion that the plaintiff made out a good cause of action against the defendants, and that the court committed no error in directing a verdict for the plaintiff.

The defendants, however, made some objections to the admission of evidence against them, and among others, to the introduction of the judgment-roll in the action of Hyman and Morris against Kapp and Dyatt, and took an exception to the ruling of the court thereon, and now urge this exception as a

reason why the recovery in this case should not stand. The first point made to its admission was that it was immaterial and incompetent. The only ground now suggested why the ruling was incorrect, is the claim that the defendants Hyman and Morris do not appear in the two actions in the same character, and that what was adjudged against them in one action should not be used against them in the other.

The argument is that they appeared in the first action as judgment creditors and in this as indemnitors. The answer to this argument is that it has no foundation in fact as they appear in both actions in their individual character and not in any representative capacity. The fact that in the first action it was essential that they should show a judgment and a return of execution thereon unsatisfied, in order to sustain an action to reach equitable assets, did not affect the character of the action; neither did the fact that the plaintiff has resorted to a bond of indemnity to prove their participation in the tort. In either case they represent individual interests and are liable as individuals only in such actions. The second objection was that it was inadmissible against the defendants Stroock and Ballin, because they were not parties to it. This objection furnished no reason why the evidence was not competent against Hyman and Morris, but was, undoubtedly, a good reason why Stroock and Ballin should not be prejudiced by it. The court admitted the evidence as against Hyman and Morris alone, and as against them it was, undoubtedly, competent. If, for any reason, Stroock and Ballin could have been prejudiced by its admission, it is enough to say that they are not now parties to the suit; the plaintiff having on the trial discontinued the action as to them, and they cannot now avail themselves of any errors which have not operated to their prejudice. It was also claimed that the evidence was not admissible as against Morris, and the ground of this objection was the claim that he represented different characters in the two actions and was not bound in one for any adjudication made in the other. We have already seen that this claim is not tenable.

After the close of the evidence the plaintiff asked leave to discontinue the action as to Stroock and Ballin, upon payment of costs. The defendants' counsel, Mr. Blumensteil, objected to the motion, but it was granted by the court and the action was thereupon discontinued. No ground of objection to the motion was stated by Mr. Blumensteil ; neither does it appear in whose behalf he interposed the objection. It can hardly be supposed that Stroock and Ballin objected to be relieved from their liability in the action, and Hyman and Morris had no reason for objecting to such discontinuance, as they had no legal right to require that Stroock and Ballin should be continued as defendants in the action. The plaintiff had the right originally to sue one or more of the joint wrong-doers and hold them, at his option, either severally or jointly ; and it necessarily follows from such right that he could, at any time, by leave of the court, discontinue the action as to any or all of such defendants as he should elect. ( *Williams* v. *Sheldon*, 10 Wend. 654; *Lord* v. *Tiffany*, 98 N. Y. 412.)

It is also claimed by the appellants that, even though the original taking by the sheriff was wrongful, if the property was afterwards seized upon valid process against the owner and its proceeds applied to his benefit, such facts could have been proved by the defendants in mitigation of damages. No such questions, however, are presented by any exception or request made in the case. This defense was not set up in the answer or attempted to be proved by evidence. The facts in evidence in the case are not only very far from establishing any such defense, but they positively overthrow it. Such a defense in any action can arise only when the general property in the goods still remains in the debtor and the application of the proceeds is made for his benefit. (See *Hanmer* v. *Wilsey, supra ; Roberts* v. *Stuyvesant Safe Dep. Co.*, 123 N. Y. 57.)

Here, however, so far as the assets are concerned, it is conclusively proved that the assignor was the owner of the property and it is uncontradicted that the proceeds of the property were never appropriated to his use or benefit. It is, however,

quite unnecessary to discuss this aspect of the case, as it is not in any way presented by the record.

The defendants' counsel requested the court to be permitted to go to the jury on the facts, but he omitted to state what facts he supposed they had a right to consider. We are now unable to see any evidence upon which he was entitled to ask for a verdict.

The judgment should, therefore, be affirmed.

All concur.

Judgment affirmed.