STEEL et al. v. ROSENBURG et al.

(Supreme Court, Special Term, New York County. April 9, 1895.)

INDEMNITY—LIABILITY OF INDEMNITORS.

The sureties in a bond given by a sheriff to obtain the return of goods seized by him under execution, and replevied by the execution debtor's vendor, on the ground that he was induced to sell them by the fraudulent representations of the execution debtor, are not liable for conversion of the goods by the sheriff, where there had been no rescission of the sale by the vendor before the levy of the execution. Dyett v. Hyman (N. Y. App.) 29 N. E. 261, distinguished.

Replevin by Steel and others against Rosenburg and others. Plaintiffs move for leave to amend the complaint by changing the cause of action to conversion. Denied.

Stern & Rushmore, for the motion.
Blumenstiel & Hirsch, opposed.

BEEKMAN, J. This is a motion for leave to serve an amended complaint, changing the cause of action from replevin to trover. The facts upon which the motion is based may be briefly stated as follows: Abraham Levy and Jacob Levy obtained certain goods from the plaintiffs by means of false and fraudulent representations. These goods were levied upon by the sheriff under an execution which was issued under a judgment obtained against the Levys by

a creditor. Thereupon the plaintiffs instituted proceedings by replevin to recover possession of the goods in question, supposing that they had a right to maintain such an action. Under their direction the goods were taken possession of by one of the coroners, whereupon the sheriff demanded the return of the property, delivering the affidavit and undertaking required by section 1704 of the Code of Civil Procedure. The property was thereupon returned to the sheriff. The defendants in this case are the sureties upon the undertaking, and on their own motion have been duly substituted as defendants in this action in place of the sheriff. Subsequent to the bringing of this suit, the court of appeals in the case of Wise v. Grant, 140 N. Y. 593, 35 N. E. 1078, decided that such an action could not be maintained where goods were obtained by fraudulent representations, unless the plaintiff had actually rescinded the sale before the property had been levied upon by the sheriff. As no such rescission is claimed by the plaintiffs to have taken place prior to the seizure by the sheriff of the goods in question, it is conceded that the action, in its present form, cannot be maintained. The plaintiffs claim, however, that they are entitled to hold the defendants, who are the sureties on the undertaking, for a conversion of the property, on the theory that they are liable for the wrongful act of the sheriff, and that whatever damages could have been recovered in an action against him for conversion are recoverable against them. In support of this theory, the learned counsel for the plaintiffs appeals to the case of Dyett v. Hyman, 129 N. Y. 351, 29 N. E. 261, as an authority. That case, however, was one in which an action was brought by the assignee for the benefit of creditors of one Jacob Kapp to recover the value of a stock of merchandise taken from the assignee by the sheriff under attachments issued in suits brought against the assignor by certain of his creditors. The theory of the action was that the assignment was fraudulent and void. When the goods were seized by the sheriff under those attachments, the attaching creditors indemnified him, and the indemnitors were substituted in the action as defendants in place of the sheriff, under sections 1421–1423 of the Code of Civil Procedure. It was claimed in that case by the defendants that they were liable as indemnitors only, and were governed by the provisions of their bond; but this position was held to be untenable, the court stating (page 357, 129 N. Y., and page 261, 29 N. E.) that "the liability of the defendants rests wholly upon their participation in the original wrong and their liability for its consequences incurred by reason of their complicity in the trespass. This, it is true, is evidenced by the bond of indemnity, which authorized the sheriff to consummate the original wrong by an unlawful sale and conversion of the plaintiff's property, but in no sense is the action upon the bond." That case, however, is not analogous to the present one. There the indemnitors deliberately assumed a responsibility for the unlawful act of the sheriff in converting plaintiff's goods, and were participants in the wrong done, causing it in the sense that, but for the bond which they gave, the sheriff would have refused to take the property. There was no question in the case as to the form of the action, or as to the right of

the plaintiffs to recover if the facts which they alleged were sup-. ported by proof. In the present case, however, it is now conceded that the plaintiffs, at the time that the property was replevined, had no right to recover possession of it in such an action. The defendants were guilty of no other act than that of furnishing an undertaking by which they bound themselves to the plaintiffs "for the delivery of the said chattels so replevined to the plaintiffs, if delivery thereof is adjudged, or if the action abates in consequence of the defendant's death, and for the payment to them of any sum which the judgment awards against the defendant in this action.". How, then, can they be said to have participated in an act of conversion, now alleged against the sheriff, when their only act was to. secure to the sheriff the restoration of property which it now appears the plaintiffs had forcibly taken from him without warrant of law? They were not parties to the original trespass committed by the sheriff; their intervention in the matter was subsequent to the first seizure. Nor can they be said to have participated in any subsequent act of the sheriff in dealing with the property. They simply stood in the position of guarantying the plaintiffs that, if they succeeded in obtaining a judgment for the return of the property and for damages, they, as sureties of the sheriff, would stand responsible for the delivery of the property, and for the payment to them of any sum which the judgment awarded against him; that is, for such damages as by law might be recoverable in such a form of action. They in no sense undertook to stand behind the sheriff as indemnitors against the consequences of his unlawful acts. Their connection with the matter began and ended with a single act, by which they made it possible for the sheriff to resume possession of property which it is now conceded the plaintiffs had no right to take from his possession in the manner in which it was done. It would be a monstrous act of injustice to attempt to hold these defendants for the wrongful act of the sheriff in converting the property in which they were in no proper sense participants. The action is brought against them, not upon their bond, but upon the theory that, in giving the bond for the purpose of restoring to the sheriff that which had been taken from him by unlawful means, they had rendered themselves liable for some other act, in no way associated with the only question in which they were interested or with which they were connected, namely, the right of the plaintiffs to take the property in question in the particular way in which it was attempted. Surely, the plaintiffs cannot be entitled to recover damages against these defendants, whose only act consisted in preventing the plaintiffs from retaining possession of property which, under undisputed law, they had no right to take in the manner attempted. I am satisfied, upon the consideration which I have been able to give to the question, that the plaintiffs cannot recover against the defendants for the conversion of which the sheriff has been guilty, and that the motion for leave to serve an amended complaint, changing the action to one for conversion, should not be granted. The motion is therefore denied, with costs.