(13 App. Div. 179.)

### LEONARD et al. v. BUTTLING.

(Supreme Court, Appellate Division, Second Department. January 26, 1897.)

1. INDEMNITY TO SHERIFF—SUBSTITUTION OF SURETIES.

    A sheriff is not entitled to have the sureties on a bond to indemnify him in replevin substituted as defendants, under Code Civ. Proc. § 1711, providing that, in an action against the sheriff by a claimant of the property replevied, the sureties are entitled to be substituted as defendants, but the statute gives only a privilege of substitution to the sureties.

2. SAME—SUBSEQUENT STATUTES.

    Code Civ. Proc. § 1711, providing that the sureties on a sheriff's indemnity bond in replevin are entitled to be substituted in an action against the sheriff by a claimant of the chattels replevied, "as if the chattels had been levied on by virtue of an execution," which was enacted when the statute relating to indemnitors of a sheriff on an execution, provided that they "might apply for substitution," was not affected by the subsequent enactment of section 1421, giving the sheriff the right to have his sureties on an execution substituted.

Appeal from special term, Kings county.

Action by John J. Leonard and Daniel S. Leonard against William J. Buttling, sheriff of Kings county, to recover for property taken by requisition in replevin, and claimed by plaintiffs. From an order denying defendant's motion to substitute his indemnitors as defendants, he appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

Hugo Hirsh, for appellant.

Josiah T. Marean, for respondents.

BRADLEY, J. By this action the defendant is charged with taking and converting to his own use a quantity of bricks. The property was taken by the defendant, as sheriff, by virtue of requisitions in two actions—one brought by Milton A. Fowler against John and James Glanfield, and the other by Alonzo and William Covert against the same defendants—to recover the possession of the property in question. Thereupon the plaintiffs in the present action, claiming the right to the possession of the property, delivered to the sheriff an affidavit as provided by section 1709 of the Code of Civil Procedure, and the plaintiffs in those two actions furnished to the sheriff indemnity as provided in the same section.

The question presented is whether the defendant, upon his motion,

may be relieved from the defense of the action by substitution of his indemnitors as defendants. The only statute upon the subject is that "the sureties are entitled to be substituted as defendants in an action brought as prescribed" in section 1710 of the Code of Civil Procedure, "as if the chattel had been levied upon by virtue of an execution." Id. § 1711. As the plaintiffs proceeded to assert their claim to the property with a view to have it delivered by the sheriff to them, pursuant to the statute (Id. § 1709), and notwithstanding the conflicting affidavits as to the fact whether the property was in the possession of the defendants in the replevin actions at the time it was taken by the sheriff by virtue of the requisitions, it is, for the purpose of the questions on this review, assumed that it was then in the possession of the defendants in those actions, and that this action is one brought as prescribed in such section (1710).

The power of the court to substitute sureties as defendants in an action within that section is dependent upon the statute before referred to, which does not provide that they may be required to submit to such substitution, but it merely gives them the right to assume that relation to such an action brought against their principal whom they have undertaken to indemnify. The ultimate liability of the sureties in the event of recovery by the plaintiff in an action where the defendant is so indemnified furnishes some reason why it may be desirable for them nominally and in fact to have the control, as well as the responsibility, of the defense. This, we have seen, is their right. And the plaintiff can make no effectual objection to its exercise. Hein v. Davidson, 96 N. Y. 175. The statute, however, is in contravention of the common law, and will not, by construction, be extended beyond the plain import of its terms. The plaintiff in such case cannot be required, on application of the defendant, to submit to his discharge and the substitution of his sureties as defendants. It is their right alone, and is to be granted by the court (without the consent of the plaintiff) only on motion made by them or in their behalf. It does not appear that the defendant's indemnitors elected or consented to take substitution. It is true that service of the motion papers was admitted by attorneys who assumed to represent the sureties, but this did not purport their consent; nor does it appear that the sureties even consented that the motion should be granted, and it may be that, so far as they were concerned, no consent on their part was necessary to charge' them with the effect of an order substituting them as defendants. Dyett v. Hyman, 129 N. Y. 351, 29 N. E. 261. They were not represented in court upon the hearing of the motion. It apparently was made in behalf of the defendant only, and, being resisted by the plaintiffs, was properly denied.

In relation to indemnitors of a sheriff on account of the levy by him of an execution upon a chattel, it may be observed that the provision of the statute on the subject, as it existed at the time of the adoption of section 1711, was to the effect that the sureties might apply to the court to substitute themselves as defendants in an action brought against the sheriff, and that afterwards, in 1887, the right to have his sureties so substituted was, by amendment of the stat-

ute, extended to the officer. Code Civ. Proc. § 1421. This amendment has no bearing upon the construction of the provision of section 1711.

The order should be affirmed. All concur.