(19 Misc. Rep. 146.)

## BITTINER v. GOLDMAN.

(Supreme Court, Appellate Term, First Department. January 25, 1897.)

**1. MONEY RECEIVED—ATTORNEY'S FEES—SUBSTITUTION ORDER.**
Defendant drew an agreement, which was signed by his client and plaintiff, stipulating that defendant should be substituted for plaintiff as attorney in a pending suit for divorce. For services theretofore rendered plaintiff was to receive from defendant a certain sum, to be deducted from alimony and fees to be paid in the action on an order procured by plaintiff. The alimony was finally paid under a substituted order procured by defendant, who then refused to pay plaintiff. *Held*, that plaintiff could recover for money had and received.

**2. SAME—PAYMENT TO ANOTHER NO DEFENSE.**
In such case it is no defense that defendant paid the money to his client, since he could not evade his obligation to plaintiff by paying the money to another.

Appeal from trial term.

Action by Edmund Bittiner against Mayer C. Goldman for money had and received. From a judgment dismissing the complaint, plaintiff appeals. Reversed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

Abraham Nelson, for appellant.

Wertheimer & Duffy, for respondent.

DALY, P. J. The plaintiff, an attorney and counselor at law, was the attorney of Mrs. Ida Isen in her action of divorce against her husband, Paul Isen, in the superior court, in which action an order had been made by Mr. Justice Gildersleeve for a counsel fee of $25 and alimony at the rate of $10 per week, to be paid to Mrs. Isen by her husband. Mrs. Isen desired to have the defendant in this action, Mr. Mayer C. Goldman, substituted as her attorney in place of this plaintiff, who consented to such substitution on receiving a payment of $25 and the following writing:

"N. Y. Supreme Court.

"Ida Isen v. Paul Isen.

"In the event that the alimony and counsel fee directed to be paid in above action by order of Justice Gildersleeve, dated October 14th, 1895, be collected from defendant herein, I hereby consent that the said counsel fee, to wit, $25, and the further sum of $25, deducted from the amount of alimony due me, be paid to Edmund Bittiner, Esq., attorney at law.

"New York, June 8th, 1896.                    Ida Isen.

"Witness:

"Mayer C. Goldman."

The above consent was not only witnessed by the defendant, but was drawn up by him, and he was duly substituted as attorney for Mrs. Isen, upon her consent and that of this plaintiff. He subse-

quently procured from a justice of the supreme court (to which all the proceedings had been transferred under the new constitution) an order whereby, among other things, the counsel fee payable by the husband was increased to $40, and the alimony was reduced to $5 per week. Such counsel fee, and also alimony to the amount of $25 and over, was collected by the defendant, who, however, refused to pay to the plaintiff the sums specified in the foregoing consent, and thereupon this action was brought to recover them. These facts appear from allegations and admissions in the pleadings, and from admissions upon the trial. The complaint was dismissed, on the ground that the plaintiff had not stated nor proved a cause of action against the defendant.

The defendant is bound in equity and good conscience to pay over to the plaintiff the sums sued for, pursuant to the consent which he drew up and witnessed, and upon the giving of which he was substituted as attorney in plaintiff's place for the client who executed the consent. It in no wise altered his obligation that, after such substitution, he procured a modification of the original order for counsel fee and alimony, by which the former was increased and the latter diminished. This modification did not relieve him from the duty of paying over the equivalent of the sum awarded in the original order because he collected under the new order a sum sufficient to make such payment. His defense is that nothing ever was collected under the original order, but this was because another order was got by him in place of it. But for that the collection would have been made under the original order, and so, whether the moneys coming into his hands were the proceeds of the original order or its substitute, they were impressed with a trust in favor of the plaintiff, who was entitled to recover the sum payable to him as money had and received to his use. Although there was no contract on the part of the client to pay this money, there was a direction by her to defendant to pay it, and an implied contract on his part to do so as soon as the moneys came into his hands, since he received them with the knowledge that the plaintiff, under the arrangement aforesaid, was equitably entitled to them.

In Roberts v. Ely, 113 N. Y. 128–131, 20 N. E. 606, 607, the court say:

"The case falls within the familiar doctrine that money in the hands of one person, to which another is equitably entitled, may be recovered in a common-law action by the equitable owner upon an implied promise, arising from the duty of the person in possession to account for and pay over the same to the person beneficially entitled. The action for money had and received to the use of another is the form in which courts of common law enforce the equitable obligation. The scope of this remedy has been gradually extended to embrace many cases which were originally cognizable only in courts of equity. Whenever one person has in his possession money which he' cannot conscientiously retain from another, the latter may recover it in this form of action, subject to the restriction that the mode of trial and the relief which can be given in a legal action are adapted to the exigencies of the particular case, and that the transaction is capable of adjustment by that procedure, without prejudice to the interests of third persons. No privity of contract between the parties is required, except that which results from the circumstances. Mason v. Waite, 17 Mass. 560. The right on the one side,

and correlative duty on the other, create the necessary privity, and justify the implication of a promise by the defendant to do that which justice and equity require. It is immaterial, also, whether the original possession of the money by the defendant was rightful or wrongful. It is sufficient that the duty exists on his part, created by the circumstances, to account for and pay it over to the plaintiff. Nor is this form of action excluded because, in a general sense, there is a relation of trust between the parties arising out of the transaction."

To the same effect is Chapman v. Forbes, 123 N. Y. 532, 26 N. E. 3.

It is alleged by the defendant that he has paid the money in dispute to his client. But this is no defense, since he could not discharge or evade his obligation to pay the money to the plaintiff by handing it over to another. Upon the admissions in the pleadings and on the trial appearing by the record, the plaintiff was entitled to judgment.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.