(20 Misc. Rep. 330.)

## BITTINER v. GOLDMAN.

(Supreme Court, Appellate Term. May 28, 1897.)

STIPULATIONS—CONSTRUCTION.

 Plaintiff in an action for divorce, in order to procure her attorney's consent to the substitution of another attorney in his stead, signed a stipulation that, "in the event that" the alimony theretofore awarded be collected from defendant, a certain sum should be paid out of it to the former attorney. *Held*, that such payment was contingent on the collection of the alimony awarded, and could not be enforced where the amount of the alimony was reduced by an order subsequently procured by defendant.

Appeal from Thirteenth district court.

Action by Edmund Bittiner against Mayer C. Goldman. From a judgment in favor of plaintiff for $51.50 damages, besides costs, defendant appeals. Modified.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

Louis Wertheimer and Wertheimer & Duffy, for appellant.

Abraham Nelson, for respondent.

DALY, P. J. The facts appearing upon the second trial of this action differ from those before the court on the former appeal. Bittiner v. Goldman, 19 Misc. Rep. 146, 43 N. Y. Supp. 389. Our decision was then based upon the apparent fact that after the stipulation for the payment of plaintiff's compensation out of the alimony and counsel fee to be collected under the order of October 14, 1895, this defendant procured a modification of such order, or a substituted order, by which the alimony was reduced. It appeared on the second trial that such reduction was made, not by the procurement of this defendant, but on the motion of his adversary in the divorce suit, who was thereupon relieved from paying the alimony formerly allowed. This defendant, therefore, is not barred from claiming that such reduction affects the right of the plaintiff to enforce the stipulation upon which he relies. The stipulation provided that, in the event of the alimony and counsel fee being collected, the plaintiff was to have the counsel fee of $25, and the further sum of $25, to be deducted from the alimony. The payment of this latter sum was clearly contingent upon the collection of the alimony, and as such collection was made impossible, not by the

act of the defendant, but by the act of the court in modifying the original order, the right to the payment of that sum ceased with the fund out of which it was payable. The payment of the $25 counsel fee was, however, a separate matter, and was dependent only upon the collection of the counsel fee mentioned in the order. As the defendant got it, he should pay it over, for the reason given in the former appeal.

Judgment modified by deducting $25, and affirmed for the residue. No costs on this appeal. All concur.