(37 Misc. Rep. 604.)

### TYLER v. VILLAGE OF LANSINGBURGH.

(Supreme Court, Special Term, Albany County. April, 1902.)

VILLAGE—INCORPORATION IN CITY—LIABILITY FOR TORT.

    Where plaintiff had acquired a right of action against a village for injuries caused by defects in its sidewalk, his right of action was not taken away when the village was thereafter incorporated in a city, but the city, as its legal successor, became subject to such liability.

Action by Sarah A. Tyler against the village of Lansingburgh to recover for injuries by falling on an icy sidewalk. The defendant was incorporated by Laws 1900, c. 665, with the city of Troy, and the village, as such, was abolished. Motion to substitute the city of Troy as defendant granted.

Long & Maxwell, for the motion.

Thomas S. Fagan, Corp. Counsel, opposed.

HERRICK, J. The plaintiff's right of action had accrued before the passage of chapter 665 of the Laws of 1900. That right of action is property (Gilbert v. Ackerman, 159 N. Y. 118, 53 N. E. 753, 45 L. R. A. 118; Hein v. Davidson, 96 N. Y. 175, 48 Am. Rep. 612; Dyett v. Hyman, 129 N. Y. 351–357, 29 N. E. 261, 26 Am. St. Rep. 533), and can only be taken from her by due process of law. Dyett v. Hyman, 129 N. Y. 351–357, 29 N. E. 261, 26 Am. St. Rep. 533; Gilbert v. Ackerman, 159 N. Y. 118, 53 N. E. 753, 45 L. R. A. 118. A legislative enactment is not due process of law. The clause in the constitution (article 1, § 6) that no person shall "be deprived of life, liberty, or property without due process of law,

* * * protects every essential incident to the enjoyment of those-
rights." People v. King, 110 N. Y. 418–423, 18 N. E. 245, 246, 1
L. R. A. 293, 6 Am. St. Rep. 389. One of the essential incidents
necessary to the enjoyment of this right of property is a remedy
to enforce it. And to deprive her of that remedy, without sub-
stituting another and sufficient one in its stead, is to deprive her of
her property. By abolishing the village of Lansingburgh, the leg-
islature did not, and could not, destroy plaintiff's right of action.
Neither could it take away the remedy to enforce it, without sub-
stituting another. Dyett v. Hyman, 129 N. Y. 351–357, 29 N. E.
261, 26 Am. St. Rep. 533. And it will not be held that it so in-
tended, unless it plainly appears. The plaintiff's remedy was against
the village of Lansingburgh. But that no longer exists. The plain-
tiff must have a remedy somewhere, against some one, or she has
been deprived of her property by legislative enactment. The village
of Lansingburgh has been merged in the city of Troy. The city
of Troy is its legal successor, takes all its property, succeeds to all
its powers, and I think we must hold that the legislature intended
that it should succeed to its liabilities to the plaintiff, rather than
hold that it intended to do what it had no right to do,—deprive the
plaintiff of an essential incident to her property, the right to a remedy
to enforce her cause of action. As the successor to the rights,
property, and powers of the village of Lansingburgh, and of which
said village has become a part, and through which in all essential
particulars it still exists, I think the city of Troy, as such, should
be substituted as a party defendant in place of the village which it
has absorbed.

Motion granted, with $10 costs.