(38 Misc. Rep. 358.)

SIERSEMA v. MEYER et al.

(Supreme Court, Appellate Term. June, 1902.)

1. SHERIFFS AND CONSTABLES—LEVY OF ATTACHMENT—TRESPASS.

　　Where an attachment is placed in the hands of an officer for service, he is bound at his peril to attach only the goods of the defendant, and if he attaches those of a third person, he is liable in trespass.

2. SAME—APPROVAL BY PLAINTIFF.

　　That plaintiff in attachment gave an indemnity bond to the officer making the levy does not show that he caused or approved a trespass by the officer in attaching, on his own motion, the goods of a third person.

3. SAME—DIRECTION TO OFFICER.

　　That an affidavit in attachment stated that defendant had fraudulently transferred his grocery business to one H. is not a direction to the officer levying attachment to levy on the contents of the store in the hands of a purchaser from H.

Appeal from city court of New York, general term.

Action by Onno Siersema against Julian H. Meyer and others. From an order and judgment of the general term affirming a judgment on the verdict of a jury, and affirming an order denying a new trial, defendants appeal. Reversed.

Argued before FREEDMAN, P. J., and GILDERSLEEVE and MacLEAN, JJ.

William O. Miles, for appellants.

Charles G. F. Wahle, for respondent.

FREEDMAN, P. J. This action was brought to recover damages from the defendants for the wrongful taking of plaintiff's property by a marshal, under warrants of attachment issued in two separate suits, one of which was brought by the defendants Meyer and Lange against one Kathman, and the other of which was brought by the defendant Lawrence against Kathman. In the action brought by Meyer and Lange, Lawrence was surety upon the undertaking upon which the attachment was granted, and in the action brought by Lawrence, Lange was surety upon the undertaking upon which the attachment was granted.

The answer of all the defendants was, in effect, a general denial. No attempt was made by any of the defendants, either by answer or by proof at the trial, to justify the taking. When plaintiff rested at the trial, the defendants moved for a dismissal of the complaint. This motion was denied, and the defendants duly excepted. The defendants refrained from offering any evidence, and after both parties had rested, the defendants renewed the motion for a dismissal of the

complaint. The motion was again denied, and defendants duly excepted. The court also declined to direct a verdict for the defendants, and held that the case should be submitted to the jury on one question only, namely, the value of the goods taken. The case was submitted to the jury accordingly, and they were instructed to find a verdict for the plaintiff for the value of the goods taken. The jury rendered a verdict in favor of the plaintiff in the sum of $290. The defendants then moved that the verdict be set aside, as contrary to law and contrary to the weight of evidence. This motion was denied, and the defendants duly excepted. Judgment having been entered upon the verdict, and the general term of the city court having affirmed the said judgment and the order denying defendants' motion for a new trial, the defendants appealed to this court.

Upon the record thus presented, the only question is whether, upon the evidence, the plaintiff was entitled, as matter of law, to the direction of a verdict in his favor. The defendants throughout took the position that they had done nothing except to direct the marshal to take the goods of Kathman Bros., and that if the marshal did anything that the writ did not direct, the action should have been brought against the marshal. The trial judge, on the other hand, held that, inasmuch as the defendants had placed warrants in the hands of the marshal, or, as he put it, "started him going," he was their agent, and that for his act in overstepping and going beyond the direction of his process the defendants were liable. This was clearly erroneous, in the absence of evidence showing an express direction to do the particular act. When a plaintiff places his process in the hands of an officer for service he is presumed to intend that no action shall be taken thereunder not authorized by the terms of the writ, and in all cases of an attachment or execution the officer is bound at his peril to take only the goods of the defendant. If he takes the goods of a third person, he commits a trespass, and the liability incurred to such third person is in no sense on account of the process. People v. Lucas, 93 N. Y. 588; Rogers v. Weir, 34 N. Y. 466; 10 Am. & Eng. Enc. Law, 435; Welsh v. Cochran, 63 N. Y. 181, 20 Am. Rep. 519. In the case at bar no express direction was given to do the particular act complained of. No request or suggestion was made to the marshal, after the attachments had been issued to him, to proceed in a particular manner. Nor was the trespass committed by the marshal caused or approved by the execution of a bond of indemnity to him. The cases of Dyett v. Hyman, 129 N. Y. 351, 29 N. E. 261, 26 Am. St. Rep. 533; Herring v. Hoppock, 15 N. Y. 411; Ball v. Loomis, 29 N. Y. 412; Ford v. Williams, 13 N. Y. 584, 67 Am. Dec. 83,—have, therefore, no application. Moreover, it was not shown that the defendants received any of the proceeds of the goods taken by the marshal. All that remains of plaintiff's case is the fact that the affidavits upon which the attachments were procured in the actions commenced by the defendants against Kathman contained allegations to the effect that Kathman's business was the retail grocery business, situate at No. 713 Amsterdam avenue, in the city of New York, and that Kathman had transferred

the same to one F. H. Hust. These allegations cannot be construed into a direction to the marshal to levy upon the contents of said grocery store after Hust had sold out to the plaintiff. The marshal was not to be controlled in his official action by these allegations. His authority was simply coextensive with that conferred by the attachments,—that is, to do lawful acts pursuant thereto. Welsh v. Cochran, 63 N. Y. 181, 20 Am. Rep. 519.

The rule of law being as stated, plaintiff's complaint should have been dismissed. But, even if the rule were otherwise, it would have been for the jury to determine whether the said affidavits had in fact been accepted by the marshal as an implied direction to levy upon the contents of said grocery store, irrespective of true ownership or possession, and whether in fact the action of the marshal had been determined thereby. In every aspect of the case, therefore, the ruling that the plaintiff was entitled, as matter of law, to a verdict, and that the jury had nothing to do except to assess the damages, constituted reversible error. The judgment and order must be reversed, and a new trial ordered, with costs to appellants to abide the event.

Judgment and order reversed, and new trial ordered, with costs to appellants to abide event. All concur.