(53 Misc. Rep. 277)

## KRAUSS et al. v. MERKLEE et al.

(Supreme Court, Appellate Term. March 14, 1907.)

SHERIFFS AND CONSTABLES—CITY MARSHALS—LIABILITY FOR SEIZURE AND
SURRENDER—INDEMNITY.

Code Civ. Proc. §§ 1421–1425, provide that where an action is brought
against an officer to recover a chattel levied upon by attachment or execu-
tion, or to recover damages by reason of a levy, etc., if an indemnity bond
is given the officer, the indemnitor may be substituted as defendant in
place of the officer, and prescribe the procedure to be followed. Municipal
Court Act, Laws 1902, p. 1577, c. 580, § 304, declares that provisions of
law relating to the taking and restitution of property by sheriffs shall
apply to the taking and restitution of property by city marshals. A city
marshal having taken possession of property under an attachment, and
such property having been claimed by third persons, he surrendered pos-
session to them on the execution of a bond indemnifying him for seizing,
keeping, or selling property which, in his judgment, belonged to the
defendant in the attachment. *Held*, that Code Civ. Proc. §§ 1421–1425,
and Municipal Court Act, § 304, did not authorize an action on the bond
by the judgment creditor, who had been plaintiff in the attachment, for
the surrender of the property.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 43; Sheriffs and
Constables, § 278.]

Appeal from Municipal Court, Borough of Manhattan, Eleventh
District.

Action by William Krauss and another against Frank C. Merklee and
another. From a judgment for plaintiffs, defendants appeal. Re-
versed, and a new trial granted.

Argued before GILDERSLEEVE, P. J., and DAVIS and HEND-
RICK, JJ., concur.

O'Brien, Boardman, Platt & Dunning (Randolph M. Newman, of
counsel), for appellants.

Charles Pope Caldwell (J. Edward Murphy, of counsel), for re-
spondents.

DAVIS, J. This action is brought to recover on a bond given by
the defendant the Fidelity & Deposit Company to the defendant Frank
C. Merklee, a city marshal. The plaintiffs are judgment creditors
of Joseph Newman. In their action against Newman they had ob-
tained a warrant of attachment, under which the defendant Merklee
had taken possession of an automobile as the property of Newman.
Third parties claimed the property seized, and upon the execution and
delivery of the bond sued upon here the marshal surrendered posses-
sion. The court rendered judgment against Newman. Execution
was issued and returned unsatisfied; the marshal having parted with
the property seized under the attachment. This present action was
therefore brought on the bond.

The evidence shows that, although the seized property was claimed
by a third party, the bond does not run to the plaintiffs, as provided
in section 85 of the Municipal Court Act (Laws 1902, p. 1517, c.
580), but to the marshal alone; and it is conceded by the plaintiffs
that this action cannot be maintained under that section. But plain-
tiffs contend that the action is authorized by sections 1421–1425 of

the Code of Civil Procedure; those provisions being made applicable to Municipal Courts by section 304 of the Municipal Court Act. An examination of the terms and conditions of the bond in question will show that the plaintiffs have no right whatever to enforce it. It recites the issuance of the warrant of attachment against the property of Newman, and its delivery to Merklee as Marshal. It does not recite any seizure, but it does recite that certain goods that appear to belong to the defendant Newman, of the value of $550, have been claimed by some other party or parties. The defendant corporation then undertakes, in the sum of $1,100, "to well and truly save, keep, and bear harmless and indemnify the said Frank C. Merklee, as marshal of the city of New York, his successor or successors, and any and all persons aiding or assisting him in the premises, from all harm, trouble, damages, costs, suits, actions, judgments, and executions that shall or may from time to time arise, come, or be brought against him, them, or any of them, as well as for the renting and making sale in and by virtue of said execution of all or any goods and chattels which he or they shall or may adjudge to belong to the said Joseph Newman, as well as in entering any shop, store, building, or other premises for the taking of such goods and chattels, then this obligation to be void; otherwise, to remain," etc. It will be observed that this bond indemnifies the marshal for seizing, keeping, or selling property which in his judgment belonged to the defendant Newman, and not for delivering it to a third party claimant. In form it is a bond such as would be given to the marshal by a plaintiff to protect the marshal in holding onto property seized at the instance of a plaintiff. It nowhere appears in this action that the marshal has suffered any damage by reason of the seizure of property deemed by him to be Newman's property. On the contrary, if he suffers at all, it will be because he surrendered seized property to a third party contrary to the instructions of his warrant and without securing himself by a proper bond.

Sections 1421–1425, of the Code of Civil Procedure, have no application to the facts of this case. Those sections refer to actions against public officers to recover a chattel levied upon by attachment or execution or to recover damages resulting from levies or sales thereunder. This action comes within neither class. In view of these considerations, we think the plaintiffs have no cause of acton on the bond. If the marshal acted improperly in surrendering the property, and was aided and abetted in that act by the other defendant, to the damage of the plaintiffs, it may be that the defendants would be jointly and severally liable, under the rule laid down in Dyett v. Hyman et al., 129 N. Y. 351, 29 N. E. 261, 26 Am. St. Rep. 533.

The judgment is reversed, and new trial granted, with costs to appellants to abide the event. All concur.