SMITH v. HEALEY, Marshal, et al.

(Supreme Court, Appellate Term. February 18, 1910.)

1. SHERIFFS AND CONSTABLES (§ 98*) — LIABILITIES — PROTECTION BY PROCESS
—LACK OF JURISDICTION.

A writ of attachment, issued without jurisdiction, furnishes no protection to a marshal in seizing property, and his act in so doing amounted to a conversion, which was complete when he took possession of the property and exercised dominion over it.

[Ed. Note.—For other cases, see Sheriffs and Constables, Cent. Dig. § 149; Dec. Dig. § 98.*]

2. SHERIFFS AND CONSTABLES (§§ 130, 139*)—UNLAWFUL LEVY—DEFENSES.

Where defendant marshal seized plaintiff's property under void process against the property of a third person, that defendant retained possession for four months, and then sold the property under an execution issued in another action, did not relieve him of liability, or go in mitigation of plaintiff's damages.

[Ed. Note.—For other cases, see Sheriffs and Constables, Dec. Dig. §§ 130, 139.*]

3. SHERIFFS AND CONSTABLES (§ 113*)—WRONGFUL LEVY—TITLE TO SUSTAIN
ACTION.

One cannot under void process seize property in the possession of another, and, when sued for his act, require plaintiff to prove that he was the owner in good faith and for value of the property; plaintiff's title, whatever its origin, being good against a wrongdoer.

[Ed. Note.—For other cases, see Sheriffs and Constables, Cent. Dig. § 187; Dec. Dig. § 113.*]

4. SHERIFFS AND CONSTABLES (§ 135*)—INDEMNITY TO OFFICER—LIABILITY FOR
WRONGFUL SEIZURE.

If defendant company procured a bond of indemnity to be given defendant marshal, inducing him to seize plaintiff's property under an attachment issued in an action brought by an employé of the company, for its benefit, against another party, the company became a principal in the wrongful seizure, and was jointly and severally liable with the marshal for damages sustained by plaintiff.

[Ed. Note.—For other cases, see Sheriffs and Constables, Cent. Dig. § 278; Dec. Dig. § 135.*]

Appeal from City Court of New York, Trial Term.

Action by Philip Smith against Edward J. Healey, as one of the marshals of the city of New York, and the National Enameling & Stamping Company. From a judgment for defendant Healey, from an order denying a new trial, and from an order dismissing the complaint as to defendant company, plaintiff appeals. Reversed, and new trial ordered.

Argued before SEABURY, LEHMAN, and BIJUR, JJ.

Hymes, Woytisek & Schaap (Michael Schaap and Edward Hymes, of counsel), for appellant.

Job E. Hedges (Louis Frankel and Julian B. Beaty, of counsel), for respondents.

SEABURY, J. This is an action to recover damages for conversion. The complaint alleges that on April 16, 1906, while plaintiff was the owner of certain chattels, the defendants converted the same, that

such chattels were of the value of $1,000, and demands judgment for this amount. The defendant Healey was one of the marshals of the city of New York, and in his answer pleaded that the chattels which he was alleged to have converted were the property of one Morris Rothheim, and that he had taken such property under and by virtue of a warrant of attachment duly issued to him against said Rothheim, and that he sold such property under an execution upon a judgment against said Rothheim.

Upon the trial it was proved that on April 14, 1906, Rothheim owned stock and merchandise in a store at 79 Graham avenue and in a store at 67 Moore street, Brooklyn. This stock and merchandise he sold on this date to the plaintiff for $1,000. The plaintiff was an auctioneer, and engaged in the business of buying and selling merchandise. On April 16, 1906, the defendant Healey levied an attachment upon said property and took possession of the merchandise. This attachment was obtained in an action brought by one Kegreisz upon a claim assigned to him by the National Enameling & Stamping Company against Rothheim. On April 24, 1906, this attachment was vacated as having been issued without jurisdiction. No demand was made upon the marshal, and he retained possession of the merchandise until September 5, 1906, when he caused it to be sold under an execution issued upon a judgment obtained in another action, brought by Kegreisz against Rothheim.

The warrant of attachment, having been issued without jurisdiction, furnished no protection to the marshal in seizing the property of the plaintiff. The act of the marshal in seizing the property of the plaintiff under void process, which was issued against the property of a third person, amounted to a conversion of the plaintiff's property. The act of conversion was complete when the marshal took possession of the property and exercised dominion over it. The fact that he retained possession of the property for four months, and then sold it under an execution issued in another action, does not relieve him of his liability, or go in mitigation of the plaintiff's damages in this action. Tiffany v. Lord, 65 N. Y. 310, The defendants claim that the original sale of the property by Rothheim to the plaintiff was in fraud of Rothheim's creditors. We do not think that the evidence proved this contention; but under the facts proved we regard this claim as immaterial in this action. The warrant of attachment under which the goods were seized was void, because the judge that issued it was without jurisdiction, and as against the plaintiff, from whose possession the property was taken, the marshal was simply a wrongdoer.

The learned court below, against the exception of the plaintiff, left it to the jury to determine whether the plaintiff was "the owner in good faith and for value" of the merchandise, and instructed the jury that, if they found he was not, the defendant was entitled to a verdict. This was not the question in issue between the parties. One cannot under void process seize property in the possession of another, and, when sued for his act, require the plaintiff to prove that he was the owner in good faith and for value of the property seized.. Whatever the origin of the plaintiff's title, it was good against a wrongdoer.

We think that the court also erred in dismissing the complaint against

the National Enameling & Stamping Company. It appears from the evidence that Kegreisz, who was the plaintiff in the action brought against Rothheim, was the employé of the National Enameling & Stamping Company, and that he brought the action for the benefit of the company, and not for himself. Under these circumstances the plaintiff should have been permitted to prove that this company procured a bond of indemnity to be given to the marshal. If the National Enameling & Stamping Company caused the bond to be given which induced the marshal to seize the plaintiff's property, it became a principal in the wrongful seizure, and became jointly and severally liable with the marshal for the damages which the plaintiff sustained. Sloan v. National Surety Co., 111 App. Div. 94, 97 N. Y. Supp. 561, affirmed 188 N. Y. 596, 81 N. E. 1176; Dyett v. Hyman, 129 N. Y. 351, 355, 29 N. E. 261, 26 Am. St. Rep. 533.

Judgment reversed, and new trial ordered, with costs to the appellant to abide the event. All concur.