GELLER v. ROSENFELD et al.

(Supreme Court, Appellate Division, Second Department.   June 10, 1910.)

1. ATTACHMENT (§ 374*)—UNLAWFUL ATTACHMENT—ACTION—VERDICT—SUFFICIENCY—EVIDENCE.
   In an action for the unlawful taking of property under an attachment subsequently vacated, evidence *held* to show that the verdict for plaintiff ·was too small.
   [Ed. Note.—For other cases, see Attachment, Cent. Dig. § 1371; Dec. Dig. § 374.*]

2. ATTACHMENT (§ 374*)—UNLAWFUL ATTACHMENT—SUBSEQUENT ATTACHMENT—JUDGMENT ROLL—EVIDENCE.
   In an action for the unlawful taking of property under a warrant of attachment which was subsequently vacated, where, after the warrant was vacated, a second and valid warrant was secured and placed in the hands of the officer who held the goods, and the property was sold thereunder, it was error to admit the judgment roll, execution, and return of the officer; they being incompetent either as a defense or in mitigation of damages.
   [Ed. Note.—For other cases, see Attachment, Cent. Dig. § 1369; Dec. Dig. § 374.*]

Appeal from Municipal Court, Borough of Brooklyn, Seventh District.

Action by Harry Geller against Harris Rosenfeld, 'Jr., and others. Judgment for plaintiff for an insufficient amount, and he appeals. Reversed, and new trial ordered.

Argued before WOODWARD, JENKS, BURR, RICH, and CARR, JJ.

Jacob L. Holtzmann and Charles B. Law, for appellant.

RICH, J.   The defendant Harris Rosenfeld, Jr., on January 20, 1909, obtained a warrant of attachment in an action brought by him against the plaintiff in this action to recover for goods, wares, and merchandise sold and delivered.   The defendant Jacob Rosenfeld was one of the sureties upon the undertaking given by the plaintiff in the attachment proceeding.   The other surety, the defendant Powell, has not been served.   The plaintiff in this action was a small dealer in groceries and produce.   Under the warrant of attachment the city marshal levied upon and took out of the plaintiff's store and possession property which he valued at $63.83.   Later the warrant of attachment was vacated and set aside; but the property of the plaintiff, or its avails, has never been returned to him.   Upon the trial of the action the plaintiff testified that the value of this property was $245.94, and that he employed counsel, who succeeded in having the attachment vacated, at an expense of $50.   Towards the close of the trial the justice, after an extended inquiry, learned that after the warrant of attachment was vacated a second warrant was secured and placed in the hands of the marshal who held the property under the first warrant, and later that such property was sold in that action under valid process.   Upon learning this fact, the court, over plaintiff's objection

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

and exception, directed an adjournment until the following morning, and said to counsel:

"In view of the situation having been revealed that a judgment was obtained in the Third district court of the borough of Brooklyn by Harris Rosenfeld against Harry Geller, and that said judgment roll is very material for the purpose of deciding the main issue in the present action, the court, for the purpose of trying the issues fairly and squarely, will adjourn the case until tomorrow morning at 9:30 o'clock, trial then to be resumed, and such judgment roll to be produced as evidence in the case for the proper determination of the issues in the action."

On the following morning, over the objection of the plaintiff that such evidence was incompetent, irrelevant, immaterial, and not pleaded, the judgment roll referred to, execution, and marshal's return were received in evidence, and the plaintiff duly excepted. The court later rendered a judgment in plaintiff's favor for $25 damages and $2 costs.

It is clear that the trial court reached the conclusion that the sale of the property under the second attachment was a complete defense to an action for damages sustained by plaintiff through the taking of such property under the first attachment. If the plaintiff was entitled to recover damages for the wrongful taking of his property, the evidence would not permit or sanction so small a recovery. The plaintiff's evidence of its value was $245.94, and the defendant's $63.83. To this is to be added the reasonable expense in the proceeding to vacate the attachment. The trial court erred in admitting the judgment roll, execution, and return of the marshal. They were incompetent, either as a defense or in mitigation of damages. Hanmer v. Wilsey, 17 Wend. 91; Otis v. Jones, 21 Wend. 394; Lyon v. Yates, 52 Barb. 237; Livermore v. Northrup, 44 N. Y. 107, 112; Tiffany v. Lord, 65 N. Y. 310; Smith v. Healey, 121 N. Y. Supp. 230.

The judgment of the municipal court must be reversed, and a new trial ordered; costs to abide the event. All concur.