### BOHNHOFF v. FISCHER et al.

(Supreme Court, Appellate Division, Second Department. December 21, 1911.)

1. DISMISSAL AND NONSUIT (§ 24*)—DISMISSAL AS TO CODEFENDANT IN TORT.

A plaintiff, having the right to sue either or both of two defendants, or to hold them either severally or jointly, might at any time by leave of the court discontinue as to any or all of such defendants as he should elect.

[Ed. Note.—For other cases, see Dismissal and Nonsuit, Dec. Dig. § 24.*]

2. JUDGMENT (§ 279*)—"JUDGMENT ROLL"—MATTERS INCLUDED—ANSWER OF PARTY AS TO WHOM ACTION WAS DISCONTINUED.

The judgment roll consists of such papers as are necessary to support the judgment thereupon entered, and where an action for negligence was brought against two defendants and, by stipulation and consent, was discontinued as against one of the defendants, though the order of discontinuance was not made until after judgment was entered against the other defendant, it is not necessary to include in the judgment roll a copy of the answer of the defendant as to whom action was discontinued.

[Ed. Note.—For other cases, see Judgment, Dec. Dig. § 279.*

For other definitions, see Words and Phrases, vol. 4, p. 3847; vol. 8, p. 7697.]

3. DISMISSAL AND NONSUIT (§ 40*)—EX PARTE ENTRY OF ORDER.

Where plaintiff by consent discontinues his action as against one of two defendants, the order of discontinuance may be entered ex parte.

[Ed. Note.—For other cases, see Dismissal and Nonsuit, Dec. Dig. § 40.*]

Appeal from Special Term, Kings County.

Action by August Bohnhoff against Henry C. Fischer, impleaded with William Kennedy. From an order requiring the plaintiff to

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

amend the judgment roll by inserting a copy of the answer of the defendant Kennedy to the amended complaint, plaintiff appeals. Reversed.

See, also, 130 N. Y. S. 1105.

Argued before JENKS, P. J., and THOMAS, CARR, WOODWARD, and RICH, JJ.

Henry M. Dater (George F. Elliott and Jay S. Jones, on the brief), for appellant.

Charles E. Thorn, for respondents.

JENKS, P. J. This is an appeal from an order of the Special Term that requires the plaintiff to amend the judgment roll by inserting a copy of the answer of the defendant Kennedy to the amended complaint, and extends the time of the defendant Fischer to serve his proposed case on appeal for five days after the service of a written notice of the amendment.

This action for negligence was brought originally against Kennedy and Fischer. It appears that by stipulation and consent, dated February 9, 1909, the action was "discontinued" against Kennedy without costs. The issue joined by Fischer was tried at Trial Term on April 4, 1911, with the result of a verdict for the plaintiff; and judgment was thereupon entered accordingly on April 6, 1911.

[1] As the plaintiff had the right to sue either or both of the original defendants, or to hold them either severally or jointly, he "could, at any time, by leave of the court, discontinue the action as to any or all of such defendants as he should elect." Dyett v. Hyman, 129 N. Y. at 359, 29 N. E. at 263, 26 Am. St. Rep. 533.

[2] The judgment roll properly consists of such papers as are necessary to support the judgment thereupon entered. Anderson's Law Dictionary, "Roll." If the injury of the plaintiff was due to the tort of Fischer as well as that of Kennedy, Fischer could not complain that the judgment was not against Kennedy also, inasmuch as the liability was several as well as joint. How can it avail Fischer that the judgment against him should show that Kennedy joined issue, or the nature of that plea? The only complication is due to the fact that an order of discontinuance as to Kennedy was not entered until after the rendition of the judgment against Fischer. [3] The order was a matter of course and could be entered ex parte. Rumsey's Practice, vol. 2, p. 164. I am not prepared to say that entry thereof was essential under the circumstances of this case (Nichols' New York Practice, vol. 2, p. 2114), although it is certainly the better practice. In any event, Kennedy alone could complain, for Fischer has no grievance.

The order must be reversed, but without costs, and the motion denied, without costs and without prejudice to the defendant's right to serve his proposed case on appeal. All concur.